SORCI, APPELLEE, *v.* GENERAL MOTORS CORPORATION, FISHER BODY DIVISION ET AL., APPELLANTS.

(No. 46863—Decided December 19, 1983.)

*Mr. Michael Ernewein,* for appellee.
*Ms. Jo Ann F. Wasil,* for appellant.
*Mr. Timothy Delaney,* for appellee Industrial Commission.

NAHRA, J. Plaintiff-appellee Ruby Sorci injured herself while working as a machine operator for defendant-appellant General Motors Corporation. After her claim for workers' compensation benefits for lacerations and abrasions was filed, she filed a motion with the Industrial Commission for allowance of an additional condition due to aggravation of a

pre-existing back condition and probable fracture of a right rib. This motion was granted by a district hearing officer. Appellant appealed to the Regional Board of Review and to the Industrial Commission to no avail. Appellant then appealed to the court of common pleas pursuant to R.C. 4123.519 where the jury returned a verdict finding appellee entitled to participate in the Workers' Compensation Fund for the aggravation of her pre-existing back condition.

Appellee filed a motion for attorney fees. After a hearing was held, attorney fees of $1,500 were awarded. Appellant appeals from the award of attorney fees, assigning four errors. Based on our holding in *Alford* v. *Republic Steel Corp.* (1983), 12 Ohio App. 3d 145, which involved the same legal issues presented in this case, we affirm, as modified.

"A. The trial court erred in awarding attorney's fees to plaintiff-appellee since there is no statutory authority contained within Ohio Revised Code Section 4123.519 or any other Section of the Revised Code applicable to the instant case for an award of attorney's fees."

At the heart of this appeal is R.C. 4123.519, which reads in pertinent part:

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the industrial commission if the industrial commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. Such attorney's fee shall not exceed twenty per cent of an award up to three thousand dollars and ten per cent of all amounts in excess thereof, but in no event shall such fee exceed fifteen hundred dollars."

Appellant contends that the proper reading of this statute permits attorney fees only when the Industrial Commission or the administrator contests the claimant's right to benefits. Appellant interprets the statute to say costs shall be taxed *if and only if* it is the Industrial Commission or the administrator who contested the claim, and no costs will be taxed to the employer if the employer contests the claimant's right to benefits.

We find this to be a strained interpretation of the statute. As we interpret the language, the statute means that where the claimant is victorious, costs shall be taxed against the employer if it was the employer who contested the claimant's right to benefits, but costs will be taxed against the Industrial Commission if the Industrial Commission or administrator contested the claimant's right to benefits. Accord 58 Ohio Jurisprudence 2d (1963) 428, Workmen's Compensation, Section 223. Thus, we find statutory authority in R.C. 4123.519 for the granting of attorney fees under the facts of this case. See, also, *Anderson* v. *General Motors Corp.* (1962), 116 Ohio App. 92.

"C. Assuming *arguendo* that Ohio Revised Code Section 4123.519 authorizes a trial court to award attorney's fees to legal counsel representing a workers' compensation claimant when the claimant is successful at the trial court level upon the issue of the right to participate in the workers' compensation fund, the trial court erred in applying the aforesaid statute to the instant case, inasmuch as it violates the Equal Protection Clauses of the United States and Ohio Constitutions."

Appellant insists that it is a violation of equal protection that a successful employer is not awarded legal fees while a successful claimant does get legal fees awarded to him. Appellant objects to the disparate treatment accorded the two parties. We find no merit in appellant's argument.

In *City of New Orleans* v. *Dukes* (1976), 427 U.S. 297, 303-304, the court addressed equal protection in the context of regulation of economic matters:

"When local economic regulation is

challenged solely as violating the Equal Protection Clause, this Court consistently defers to legislative determinations as to the desirability of particular statutory discriminations. * * * Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest. States are accorded wide latitude in the regulation of their local economies under their police powers, and rational distinctions may be made with substantially less than mathematical exactitude. * * * In short, the judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines * * *; in the local economic sphere, it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment. * * * [Citations omitted]."

We do not find a statute which requires employers to be taxed for attorney fees to trammel fundamental personal rights or to be based on inherently suspect distinctions such as race, religion, or alienage. Thus, the classification need only be rationally related to a legitimate state interest.

The state has a legitimate interest in seeing employees compensated for work-related injuries. Taxing costs to employers who contest claims ultimately determined to be valid is a procedure rationally related to the state's interest in seeing those injured employees compensated. Such a regulation does not violate equal protection.

"D. Assuming *arguendo* that Ohio Revised Code Section 4123.519 authorizes a trial court to award attorney's fees to legal counsel representing a workers' compensation claimant when the claimant is successful at the trial court level upon the issue of the right to participate in the workers' compensation fund, the trial court erred in applying the aforesaid statute to the instant case, inasmuch as it violates the Due Process Clauses of the United States and Ohio Constitutions."

At a minimum, due process of law requires notice and opportunity to be heard. *Mathews* v. *Eldridge* (1976), 424 U.S. 319; *Goss* v. *Lopez* (1975), 419 U.S. 565. A hearing was in fact held on the issue of attorney fees. Appellant also offers a substantive due process argument. While substantive due process remains a valid concept in the area of privacy, see *Roe* v. *Wade* (1973), 410 U.S. 113, it now has limited, if any, application to state regulation of business and commercial affairs. See, *e.g.*, *North Dakota State Bd. of Pharmacy* v. *Snyder's Drug Stores, Inc.* (1973), 414 U.S. 156; *Ferguson* v. *Skrupa* (1963), 372 U.S. 726, 730; *Williamson* v. *Lee Optical Co.* (1955), 348 U.S. 483, 488-489. Appellant's argument is without merit.

"B. Assuming *arguendo* that Ohio Revised Code Section 4123.519 authorizes a court to award attorney's fees to legal counsel representing a workers' compensation claimant when the claimant is successful at the trial court level upon the issue of the right to participate in the workers' compensation fund, the trial court erred in awarding maximum attorney's fees to plaintiff-appellee since plaintiff-appellee is not entitled to any award of attorney's fees under the facts of the case at bar."

R.C. 4123.519 grants the trial judge authority to award attorney fees to a successful claimant, though the statute sets a limit on those fees.[1] The maximum allowable attorney fee is pegged to a

[1] The statute states:
"Such attorney's fee shall not exceed twenty per cent of an award up to three thousand dollars and ten per cent of all amounts in excess thereof, but in no event shall such fee exceed fifteen hundred dollars."

percentage of the workers' compensation award. Thus, the statute presents some problems of computation. In order for the judge to be able to award attorney fees which fall within the statutory limits, he would have to know what amount had in fact been awarded in workers' compensation benefits to the claimant. Thus, where the employer or Industrial Commission or administrator is the one who appeals to the court of common pleas, we would assume the amount of the claim had been determined at some point in the administrative process. If the claimant's right to participate in the fund is upheld at trial, the judge could then award attorney fees and fix the amount in compliance with the statutory limitations.

Where the claimant is the one who appeals to the court of common pleas, it is possible that the workers' compensation award to which claimant, if he prevails at trial, would be entitled may not have been previously determined at any administrative level.[2] Therefore, any attorney fees the court awards would be subject to the statutory limitations of R.C. 4123.519 once the claimant's award is determined.

Here, though the claimant was found eligible at all levels of the administrative process, and the employer is the one who appealed to the court of common pleas, no award for claimant's litigated injury had yet been determined. The court held a hearing on the question of attorney fees and determined that the maximum amount permitted by statute should be awarded. Since no workers' compensation award for this injury had been determined, the attorney fees granted by the court are subject to the statutory limitations of R.C. 4123.519. If on determination of the claimant's award, the $1,500 attorney fees award exceeds the maximum allowable by statute, then the award shall be reduced to the maximum

allowable. Otherwise, the award shall remain at $1,500. While this seems to be an odd way of proceeding, it appears necessary in light of the wording of the statute which requires the court to set a fee limited to a percentage of an award which can only be set administratively.

The decision is affirmed as modified.

*Judgment accordingly.*

JACKSON, P.J., and ANN McMANAMON, J., concur.

---

[2] The record shows no award had been made and moreover claimant's counsel conceded this fact on the record.