PAINTER, Appellee,

v.

**MIDLAND STEEL PRODUCTS COMPANY, Appellant.**

[Cite as *Painter v. Midland Steel Products Co.* (1989), 65 Ohio App.3d 273.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 56128, 56129.

Decided Nov. 13, 1989.

274

*Dworken & Bernstein Co., L.P.A.,* and *Patrick J. Perotti,* for appellee.
*Catherine M. Lombardo,* for appellant.

JOHN V. CORRIGAN, Judge.

Defendant-appellant, Midland Steel Products Company, appeals from the trial court's order granting plaintiff-appellee, Leonard F. Painter, an award of $1,500 for attorney fees under R.C. 4123.519 and assessing $1,812.50 in frivolous conduct attorney fees pursuant to R.C. 2323.51. The facts giving rise to the instant appeal are as follows:

Appellee filed an application for workers' compensation benefits from an injury he sustained to his right pelvis on June 30, 1983, while in the course and scope of his employment. At no time did appellant contest this particular claim, which was officially recognized by the Industrial Commission of Ohio.

On June 27, 1985, appellee filed a motion for further allowance for a swelling of his right lower extremity because of the venous return from the fractured pelvis. The Industrial Commission recognized this additional claim on January 23, 1986.

On December 22, 1986, appellant instituted an appeal to the court of common pleas pursuant to R.C. 4123.519. Appellant contested the appellee's right to participate in the State Insurance Fund pertaining to the additionally recognized condition. Appellee filed his complaint as required by R.C. 4123.519, but it was assigned a different case number than appellant's appeal case. The two cases were consolidated on August 27, 1987.

Appellant learned from its defense medical expert that the additional claim was related to the original fractured pelvis. Therefore, on October 28, 1987, approximately one month prior to the scheduled commencement of the trial, appellant's appeal was voluntarily dismissed pursuant to Civ.R. 41(A). Thus, all previous orders of the Industrial Commission of Ohio remained in full force and effect. The matter was returned to the Industrial Commission solely for a determination of appellee's benefits.

On December 9, 1987, appellee's attorney sent a letter to appellant's counsel requesting that attorney fees be paid for the statutory maximum amount of $1,500. Appellant's counsel refused to pay any attorney fees. On January 12, 1988, appellee filed a motion for attorney fees for the successful defense of the appeal pursuant to R.C. 4123.519.

On February 26, 1988, appellant filed a brief in opposition to appellee's motion for attorney fees. In its brief, appellant argued that its voluntary dismissal was not a "final determination" of the appeal; thus, an award for attorney fees would be premature. On March 2, 1988, appellee filed a reply brief in support of an award for attorney fees, and appellee included a motion for assessment of attorney fees as sanctions under R.C. 2323.51.

On March 9, 1988, the trial court granted the appellee's motion for attorney fees. The trial court scheduled a hearing in order to determine the amount of attorney fees under R.C. 4123.519 and to decide whether sanctions were warranted under R.C. 2323.51.

On April 22, 1988, a hearing was conducted in the absence of appellant's counsel. Appellee presented evidence to the trial court reflecting the amount of time appellee's counsel spent in prosecuting appellant's appeal pursuant to R.C. 4123.519. Appellee also provided evidence that showed the time spent in the prosecution of attorney fees under R.C. 2323.51. On June 17, 1988, a rehearing was conducted to permit appellant's counsel to present its position.

The trial court issued its order on July 19, 1988 regarding attorney fees. The trial court ordered $1,500 in attorney fees to be paid to appellee's counsel pursuant to R.C. 4123.519. Furthermore, the trial court granted appellee an award of $1,812.50 as sanctions pursuant to R.C. 2323.51.

Appellant filed a timely notice of appeal on July 22, 1988 and subsequently raised the following five assignments of error:

"I. Whether any attorney fees should be awarded pursuant to ORC 4123.519 upon voluntary dismissal of an appeal before the time for refiling that appeal under the saving statute has run given ORC 4123.519's requirement of a *final* determination prior to the award of attorney fees.

"II. Whether the basis of an award for attorney fees to the prevailing party in an appeal of *only* a further allowance award pursuant to ORC 4123.519 should be limited to those monies paid out in the claim related to *only* the further condition appealed into the court and *not* all monies paid in the entire claim which were never the subject of the court appeal and over which the court had no jurisdiction.

"III. Whether attorney fees pursuant to ORC 2323.51 were precluded in cases filed pursuant to ORC 4123.519 given the latter statute's explicit limitations on the amount of attorney fees to be awarded.

"IV. Whether 'frivolous conduct' as defined in ORC 2323.51 was meant to include defenses based on a lack of statutory or case law concerning the grounds for awarding and computing attorney fees when an ORC 4123.519 appeal was voluntarily dismissed which could be refiled for one year under the saving statute and the attorney fee request was for $1,500 when only a further allowed condition and not the entire claim had been appealed to court.

"V. Whether an award of eighteen hundred twelve dollars and fifty cents ($1,812.50) in attorney fees as sanctions pursuant to ORC 2323.51 was excessive and improper given the defenses raised by defense counsel, the fee statement of plaintiff's counsel and testimony adduced at the hearings."

R.C. 4123.519 authorizes the trial court to award attorney fees in workers' compensation appeals. R.C. 4123.519 provides in pertinent part:

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the industrial commission if the industrial commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. Such attorney's fee shall not exceed twenty per cent of an award up to three thousand dollars and ten per cent of all amounts in excess thereof, but in no event shall such fee exceed fifteen hundred dollars."

The award of attorney fees is mandatory under R.C. 4123.519. *Alford v. Republic Steel Corp.* (1983), 12 Ohio App.3d 145, 12 OBR 468, 467 N.E.2d

567. When the claimant is victorious and his right to participate in the fund is upheld in the trial court, attorney fees shall be taxed against the employer, if it was the employer who contested the claimant's right to benefits. *Sorci v. General Motors Corp.* (1983), 13 Ohio App.3d 223, 13 OBR 274, 468 N.E.2d 916.

■ "The state has a legitimate interest in seeing employees compensated for work-related injuries. Taxing costs to employers who contest claims ultimately determined to be valid is a procedure rationally related to the state's interest in seeing those injured employees compensated." *Sorci, supra,* at 225, 13 OBR at 276, 468 N.E.2d at 918. R.C. 4123.519 aptly serves that public policy in assessing attorney fees as an incident of a successful claimant's recovery. *Pahl v. First Union Management, Inc.* (Nov. 1, 1984), Cuyahoga App. No. 48026, unreported, 1984 WL 3543.

■ Appellant contends that the mandatory costs and attorney fees in R.C. 4123.519 do not apply in this case where the appeal was voluntarily dismissed. Appellant argues that no final determination had been reached, since appellant had the right to refile an appeal within one year after the voluntary dismissal pursuant to the savings statute, R.C. 2305.19.

Appellant's argument is premised on the language set forth in *Lewis v. Connor* (1985), 21 Ohio St.3d 1, 21 OBR 266, 487 N.E.2d 285. In *Lewis,* the court held that where a notice of appeal is filed within the time prescribed by R.C. 4123.519 and the action is dismissed without prejudice after expiration of that time, R.C. 2305.19, the savings statute, is applicable to a workers' compensation complaint filed in the common pleas court. *Lewis, supra,* at syllabus.

This case is clearly distinguishable from *Lewis.* In *Lewis,* the trial court applied R.C. 2305.19 to complaints under R.C. 4123.519. In holding the savings statute applicable, the trial court in *Lewis* made no statement that the mandatory recovery for attorney fees would be affected by R.C. 2305.19.

■ Appellant's argument that there was no final determination is not well taken. R.C. 4123.519 provides that costs, including attorney fees, of any legal proceeding shall be awarded to the claimant if the claimant's right to participate, or continue to participate, in the fund is established upon the final determination of the appeal. Legal proceedings include the act of the appeal itself, and the claimant's attorney fees will be awarded even if the employer's appeal is dismissed. *Hospitality Motor Inns v. Gillespie* (1981), 66 Ohio St.2d 206, 20 O.O.3d 209, 421 N.E.2d 134; *Boston v. Daugherty* (1983), 12 Ohio App.3d 4, 12 OBR 88, 465 N.E.2d 1317. The award of attorney fees is appropriate where the employer voluntarily dismisses its appeal. *Moore v.*

*General Motors Corp.* (1985), 18 Ohio St.3d 259, 18 OBR 314, 480 N.E.2d 1101.

In the instant case, the voluntary dismissal of appellant's appeal finally determined that appellee was entitled to participate in the State Insurance Fund for the additional claim. This voluntary dismissal ultimately established appellant's right to participate in the fund. Therefore, the attorney fees were properly awarded pursuant to R.C. 4123.519.

Appellant's first assignment of error is without merit and is overruled.

In his second assignment of error, the appellant challenges the trial court's award of $1,500 for attorney fees, pursuant to R.C. 4123.519.

R.C. 4123.519 authorizes the trial judge to award attorney fees to a successful claimant, but the statute sets a limit on those fees. The maximum allowable attorney fees is pegged to a percentage of the workers' compensation award. *Sorci, supra,* at 226, 13 OBR at 277, 468 N.E.2d at 919. Such attorney fees shall not exceed twenty percent of an award up to $3,000 and ten percent of all amounts in excess thereof, but in no event shall such fee exceed $1,500. R.C. 4123.519.

In this case, the trial court conducted a hearing on the question of attorney fees. The trial court judge properly determined that the maximum amount of $1,500 permitted by R.C. 4123.519 was appropriate. The trial court judge based this $1,500 award upon the amount of the awards which have been made, and will be made, by the Industrial Commission in favor of the appellee. Nowhere in the record does appellant contest the computation of this award. The trial court properly awarded attorney fees in accordance with R.C. 4123.519.

Appellant's second assignment of error is not well taken and is overruled.

Appellant's third, fourth and fifth assignments of error will be discussed jointly as they are closely related in the application of R.C. 2323.51. R.C. 2323.51(B)(1) provides in pertinent part:

" * * * at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action, the court may award reasonable attorney's fees to any party to that action adversely affected by frivolous conduct."

Appellant contends that R.C. 4123.519 provides a maximum amount on attorney fees awarded to a claimant who is successful in a workers' compensation appeal. Appellant argues that since appellee in this case received the maximum amount of $1,500 for attorney fees, he is not entitled to an additional award for attorney fees pursuant to R.C. 2323.51.

■ A claim for attorney fees as sanctions is collateral to and independent of the primary action. *Stevens v. Kiraly* (1985), 24 Ohio App.3d 211, 24 OBR 388, 494 N.E.2d 1160. In *Stevens,* the issue of compensation for attorney fees expended in defending against frivolous or sham conduct did not arise until after the case was dismissed. The court held that the issue involved an entirely different question and another hearing was necessary to receive evidence of amounts involved and possible mitigating factors. *Stevens, supra,* at 214, 24 OBR at 391, 494 N.E.2d at 1164.

R.C. 4123.519 provides attorney fees for a claimant who is successful in the defense of an appeal from an Industrial Commission award. In this case, appellee's motion for sanctions pursuant to R.C. 2323.51 arose after appellee was successful with his appeal. Appellee's R.C. 2323.51 claim was collateral to and independent of the primary appeal brought by the appellant. Appellee's motion for sanctions in this case involved entirely different issues from those issues raised in the R.C. 4123.519 appeal.

■ A trial court's decision regarding the imposition of sanctions will not be reversed absent an abuse of discretion. *State, ex rel. Fant, v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966. However, in order to make a determination of whether an R.C. 2323.51 willful violation occurred, a hearing is required to receive evidence. *Stevens, supra,* 24 Ohio App.3d at 214, 24 OBR at 391, 494 N.E.2d at 1164.

The trial court in the instant case conducted two evidentiary hearings to determine the proper amount of attorney fees pursuant to R.C. 4123.519 and to resolve the collateral motion for sanctions under R.C. 2323.51. The trial court awarded the maximum amount of attorney fees for R.C. 4123.519. It also held that appellant's conduct was "frivolous," as defined in R.C. 2323.-51(A)(2), when it filed its brief in opposition to appellee's motion for attorney fees.

R.C. 2323.51(A)(2) provides:

"(A) As used in this section:

" * * *

"(2) 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

 "A pleading is called 'frivolous' when it is clearly insufficient on its face and does not controvert the material points of the opposite pleading and is presumably interposed for mere purposes of delay or to embarass the opponent." *Brown v. Lamb* (1960), 112 Ohio App. 116, 122, 16 O.O.2d 47, 50, 171 N.E.2d 191, 196.

The trial court in this case found that appellant's argument that an award of attorney fees under R.C. 4123.519 was not applicable upon a voluntary dismissal of a workers' compensation appeal lacked merit and was not supported by a good faith argument for an extension, modification or reversal of existing law.

 The trial court did not abuse its discretion in concluding that appellant's opposition to attorney fees constituted frivolous conduct. Appellant failed to support any of its propositions with valid law pertaining to the issues presented. Furthermore, the award of attorney fees in a successful appeal of a workers' compensation case is mandatory, according to Ohio statutory law and case law. The appellant asserted unsupportive arguments in an attempt to obstruct and delay the payment of attorney fees rightfully owed the appellant under R.C. 4123.519. We cannot say that the trial court abused its discretion in awarding attorney fees as sanctions under R.C. 2323.51.

 The record reflects that the trial court conducted two hearings on the issue of attorney fees, and appellant was given an opportunity to dispute the imposition of attorney fees under R.C. 2323.51. The trial court awarded $1,812.50 for the appellee which appellant claims was improper and excessive.

The exercise of awarding attorney fees is committed to the sound discretion of the trial court. *Swanson v. Swanson* (1976), 48 Ohio App.2d 85, 2 O.O.3d 65, 355 N.E.2d 894. We do not find that the trial court's award of $1,812.50 for attorney fees under R.C. 2323.51 was an abuse of discretion. The trial court based this determination solely on the appellee's counsel's time utilized in opposing appellant's frivolous challenge to mandatory attorney fees owed to appellee upon his successful defense of appellant's appeal.

For the foregoing reasons, the trial court properly awarded attorney fees according to R.C. 2323.51.

Appellant's third, fourth and fifth assignments of error are without merit and overruled.

The trial court's decision is affirmed.

*Judgment affirmed.*

DAVID T. MATIA and NAHRA, JJ., concur.