ROSSI, Appellee and Cross–Appellant,

v.

CORNING GLASS WORKS, ZIRCOA DIVISION, Appellant and Cross–Appellee.

[Cite as *Rossi v. Corning Glass Works, Zircoa Div.* (1992), 84 Ohio App.3d 22.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61386.

Decided Nov. 23, 1992.

*Berger & Kirschenbaum* and *Robert J. Zavesky,* for appellee and cross-appellant.

*Patrick R. Baughman,* for appellant and cross-appellee.

PATRICIA A. BLACKMON, Judge.

Corning Glass Works, Zircoa Division, defendant-appellant, timely appeals, and Alex Rossi, plaintiff-appellee, timely cross-appeals from the trial court's order assessing attorney fees against appellant for frivolous conduct, pursuant to R.C. 2323.51. The issues on appeal are whether the trial court abused its discretion in finding that appellant, but not counsel for appellant, engaged in frivolous conduct; and whether the motion for attorney fees was timely pursuant to R.C. 2323.51. For the reasons set forth, we affirm. The apposite facts follow.

Appellee filed an application for workers' compensation benefits for an injury that he sustained on March 24, 1982 to his lower back and left foot, while in the course and scope of his employment. Because appellee was not satisfied with the ruling of the hearing officer, he exhausted his administrative remedies through the Industrial Commission, and on July 6, 1987, timely appealed to the court of common pleas, pursuant to R.C. 4123.519.

On November 22, 1989, the claim was settled and dismissed by the court of common pleas. On June 13, 1990, appellee filed a motion to enforce settlement. On July 17, 1990, the motion was granted.

On September 18, 1990, appellee filed a motion for attorney fees against appellant and his counsel, pursuant to R.C. 2323.51. The trial court set the motion for hearing on November 2, 1990. The hearing was held on January 11, 1991. During the hearing, it was stipulated that twenty-eight hours at a rate of $125 per hour were the hours expended in this matter by appellee's attorney, Glen Richardson.

Additionally, the record established that Richardson was the sole witness called to testify. From his testimony it was learned that after the settlement was finalized by the parties in November 1989, the settlement was submitted to the Attorney General for approval. Afterwards, the Attorney General was responsible for presenting it to the Industrial Commission for its approval. The case was submitted to the Industrial Commission on March 16, 1990, and the Attorney General sent notice of the Industrial Commission's approval in a letter dated April 12, 1990. The letter indicated that a copy was sent to appellant's attorney.

Thereafter, Richardson sent letters to appellant's attorney, requesting that his client forward the settlement check to him; these requests were made on April 16, 1990, May 11, 1990, and June 1, 1990, respectively. Since the requests were not honored, Richardson filed his motion to enforce the settlement. Once it was granted, he began to expend time researching how to enforce the settlement.

It was submitted by Richardson that he had numerous phone conversations with counsel for appellant, Michael Goldstein. Goldstein informed him that he had contacted his client numerous times, and that his client was aware of its obligation to pay under the settlement. Nevertheless, payment was not received from appellant until appellee filed a motion with the Industrial Commission in August to revoke appellant's self-insured status.

On cross-examination, Richardson admitted that notice of approval by the Attorney General was not actually sent from the Industrial Commission, but was sent from the Attorney General. The Industrial Commission's order was not sent until August 21, 1990. Richardson explained that previously he had never received or waited for an order from the Industrial Commission prior to settlement.

After arguments, the trial court concluded that "frivolous conduct" occurred within the meaning of R.C. 2323.51(B)(2)(b). The trial court found that the motion was timely filed pursuant to R.C. 2323.51 and that the unwillingness to pay was not in reliance upon receipt of an order from the Industrial Commission. The trial court further found that the frivolous conduct was attributable to appellant, but not appellant's attorney.

The motion was granted against appellant for the full amount stipulated: $3,500 for twenty-eight hours work at a rate of $125 per hour. The instant appeal followed.

Appellant's first assignment of error, and appellee's sole assignment of error on cross-appeal, state:

"The trial court erred by finding that Corning engaged in frivolous conduct pursuant to R.C. Section 2323.51."

"The trial court erred in not finding the conduct of defendant's counsel to be frivolous."

These assignments of error are not well taken, and both the appellant's first assignment of error, and appellee's assignment of error on his cross-appeal will be discussed together.

The decision to impose attorney fees as sanctions, pursuant to R.C. 2323.51, is within the discretion of the court. *Painter v. Midland Steel Prod. Co.* (1989), 65 Ohio App.3d 273, 281, 583 N.E.2d 1018, 1023. Absent an abuse of discretion, a trial court's imposition of sanctions will not be reversed. *State ex rel. Fant v. Sykes* (1987), 29 Ohio St.3d 65, 29 OBR 446, 505 N.E.2d 966.

Prior to imposing sanctions pursuant to R.C. 2323.51, a trial court is required to hold a hearing. See *Painter*, 65 Ohio App.3d at 280, 583 N.E.2d at 1022, citing *Stevens v. Kiraly* (1985), 24 Ohio App.3d 211, 24 OBR 388, 494 N.E.2d 1160 (construes standard for Civ.R. 11 sanctions). After hearing, the trial court "may award reasonable attorney fees to any party to that action adversely affected by frivolous conduct." R.C. 2323.51(B)(1). An award may be made against a party, his counsel of record or both for frivolous conduct. R.C. 2323.51(B)(4).

R.C. 2323.51(A)(2) provides that:

"(2) 'Frivolous conduct' means conduct of a party to a civil action or of his counsel of record that satisfies either of the following:

"(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

"(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."

In the case *sub judice*, the trial court found that appellant engaged in "frivolous conduct" as defined by R.C. 2323.51(A)(2)(b). Appellant's delay in making payment on the settlement was not warranted under existing law, nor did appellant have a good-faith argument that a delay was warranted. The undisputed facts reveal that appellant was informed by its counsel as early as April 1990 that it had an obligation to pay immediately after the Attorney General sent

notice of approval of the settlement by the Industrial Commission, but appellant failed to pay until August of 1990. Meanwhile, appellee incurred $3,500 in attorney fees in an attempt to enforce settlement.

It is clear that frivolous conduct occurred. Delay in payment of the settlement was not warranted under existing law nor did appellant rely upon a good-faith argument that an extension was warranted pending receipt of an order from the Industrial Commission. Appellant simply failed to pay, after its counsel advised it that it had an obligation to pay.

■ Appellee in his cross-appeal argues that counsel for appellant was also responsible for the frivolous conduct. We disagree. There is no evidence that counsel for appellant in any way caused the delay in payment of the settlement.

All of the evidence suggests that appellant, and appellant alone, was responsible for the delay. Appellant was advised by counsel of the obligation to pay; counsel for appellant communicated to appellee that his client had been advised to pay, and it was not in his control. Therefore, the trial court did not abuse its discretion in finding frivolous conduct on the part of appellant and not its counsel. It should be noted that appellant's attorney, Michael Goldstein, represented appellant at this hearing and no evidence was presented to counter Richardson's testimony. However, this court is bound by the facts in the record and may not engage in speculating as to what might have happened. Therefore, appellee's cross-appeal lacks merit.

Appellant's second assignment of error states:

"The trial court's award of attorneys' fees must be reversed since it was not entered within the time allowed by R.C. Section 2323.51(B)(1)."

Appellant's second assignment of error is not well taken.

■ Civ.R. 12(H) provides that "[a] party waives all defenses and objections which he does not present either by motion * * * or by responsive pleading * * *." See, also, *State v. Awan* (1986), 22 Ohio St.3d 120, 122–123, 22 OBR 199, 201–202, 489 N.E.2d 277, 279–280 (held: waiver applies to statutory interpretation). Furthermore, the Supreme Court of Ohio held that:

"An appellate court will not consider any error which counsel for the party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when the error could have been avoided or corrected by the trial court." *State v. Williams* (1977), 51 Ohio St.2d 112, 5 O.O.3d 98, 364 N.E.2d 1364, paragraph one of the syllabus, cited in *First Fed. S. & L. Assn. of Akron v. Cheton & Rabe* (1989), 57 Ohio App.3d 137, 567 N.E.2d 298.

Appellant's argument that the trial court's statements that the proceeding was timely precluded raising timeliness as an issue has no merit. Appellant was not precluded from asserting timeliness in a brief in opposition to the motion for sanctions, but it failed to file any motion in opposition prior to the hearing. Appellant was not precluded from stating its objection to the trial court's finding; counsel for appellant was given ample opportunity to argue, but failed to raise the issue.

Thus, appellant's failure to raise the timeliness of sanctions in the trial court waived any potential error therefrom.

*Judgment affirmed.*

MATIA, C.J., and FRANCIS E. SWEENEY, J., concur.