This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Steven J. Debona has appealed from an order entered by the Wayne County Common Pleas Court that (1) dismissed his complaint and (2) granted sanctions. This Court affirms.
 I.
Appellant Steven J. Debona (Debona) was employed by Appellee Buehlers Food Markets, Incorporated (Buehlers) as a line-cook in a kitchen of one of Buehlers' restaurants. On June 7, 1999, while working near a stove, Debona was splashed by hot butter and sustained injury. A workers compensation claim was promptly submitted, accepted and paid.
Nevertheless, Debona subsequently filed a complaint in the Wayne County Common Pleas Court, seeking damages from Buehlers. The complaint alleged that Buehlers "negligently maintained it's (sic) stove," that Buehlers' actions "were intentionally done to cause injury" to Debona and that due to Buehlers' negligence, he was entitled to compensatory damages.
Thereafter, Buehlers filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), arguing that the complaint failed to state a claim upon which relief may be granted. Buehlers also moved for sanctions, pursuant to R.C. 2323.51, claiming that the lawsuit was frivolous.
The trial court scheduled a hearing on the motions for September 20, 2000. Then, Debona moved for his first continuance. On September 20, 2000, the trial court granted the motion, rescheduling the hearing for October 10, 2000. Next, finding that date in conflict with his client's schedule, counsel for Buehlers moved for a continuance. The trial court granted this motion as well, setting the hearing for October 25, 2000. On October 16, 2000, after counsel for Debona received a copy of the trial court's second rescheduling order, he sent a facsimile message to the trial court, asking that it change the hearing date again. Counsel declared that he had been "ordered" to appear for a deposition in another matter pending in federal court on that date. Included with his facsimile message was an excerpt of a docket sheet from the United States District Court dated, October 10, 2000 which stated that counsel's other clients were to make themselves available by November 10, 2000 for discovery depositions. Subsequently, the trial court in this case contacted Debona's counsel and informed him that his request would not be granted. One day prior to the hearing date, Debona filed his formal motion memorializing his request for a continuance.
On October 25, 2000, the trial court proceeded with its hearing. While Buehlers presented evidence, Debona's counsel failed to appear. On November 2, 2000, the trial court filed its denial of Debona's request for a continuance, granted Buehler's motion to dismiss and awarded sanctions. Debona timely appealed, asserting four assignments of error.
 II. First Assignment of Error
 The [trial] court erred by denying [Debona's] motion for continuance.
 For his first assignment of error, Debona has challenged the trial court's failure to grant his second motion for a continuance. Specifically, he has argued that, because his attorney had scheduled depositions in another matter filed in federal court and the judge in that case had ordered his counsel to make his clients available, the trial court in this case was required to reschedule the hearing again. This Court disagrees.
The grant or denial of a continuance in light of an attorney's scheduling conflict lies within the sound discretion of the trial court, and absent an abuse of discretion, such will not be disturbed on appeal.Davis v. Dalton (July 28, 1999), Lorain App. No. 98CA007099, unreported, at 3. See, also, Sup.R.41(A). An abuse of discretion is more than an error of law or judgment, but it implies an attitude on the part of the trial judge that is unreasonable, arbitrary or unconscionable. Davis,supra, at 3.
Sup.R.41(B)(1) provides:
 When a continuance is requested for the reason that counsel is scheduled to appear in another case assigned for trial on the same date in the same or another trial court of this state, the case which was first set for trial shall have priority and shall be tried on the date assigned. Criminal cases assigned for trial have priority over civil cases assigned for trial. The court should not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the conflicting assignment is attached to the motion and the motion is filed not less than 30 days prior to trial.
 For the following reasons, this Court concludes that the trial court did not abuse its discretion by denying Debona a second continuance. First, under the Rules of Superintendence, scheduling conflicts must be trials. Debona's counsel was in another county attending depositions. Second, the federal court granted Debona's counsel a thirty day window in which to schedule his depositions. He had from October 10, 2000 until November 10, 2000 to make his clients available. Nothing in the record indicates that the federal court ordered him to conduct those depositions on October 25, 2000 or even that they had to consume his entire day. Lastly, this was not Debona's first motion for a continuance; the trial court had already rescheduled the hearing several times. Viewing these circumstances collectively, this Court concludes that the trial court's action was not unreasonable, arbitrary or unconscionable. As such, Debona's first assignment of error is overruled.
 Second Assignment of Error
 The [trial] court abused its discretion and violated [Debona's] right to due process of law by denying a hearing as guaranteed by R.C. 2323.51(B)(2).
 For his second assignment of error, Debona has claimed that he was denied due process because the trial court denied him a hearing. Buehlers has countered, claiming that, in point of fact, a hearing pursuant to R.C. 2323.51 was conducted on October 25, 2000, but that Debona's counsel simply did not attend. This Court agrees.
Debona's rights to due process were not violated; a hearing was conducted on the scheduled date, of which Debona had notice. Had he, his counsel or any proper substitute appeared, Debona would have had the opportunity to present his arguments and evidence in support thereof. This Court cannot hold that a party was denied due process by denying a hearing when a hearing was held at the previously scheduled time, date and place. Debona's second assignment of error is without merit.
Third Assignment of Error
 The [trial] court erred by dismissing [Debona's] complaint under [Civ.R. 12(B)(6)].
 For his third assignment of error, Debona has argued that the trial court improperly dismissed his complaint pursuant to Civ.R.12(B)(6). Essentially, he has claimed that his complaint does not sound in negligence and that the language employed sufficiently sets forth a claim for intentional tort.
 In order for a court to dismiss a complaint pursuant to Civ.R.12(B)(6), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him or her to relief. O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus. As a matter of law, a court must accept all of the allegations in the complaint as true. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192. Then, if those allegations still do not warrant relief, the motion to dismiss must be granted. This Court reviews an entry of dismissal on the pleadings de novo because such presents only legal issues. Plazzo v. Nationwide Mut. Ins. Co. (June 24, 1992), Summit App. No. 15370, unreported, at 3.
The principal case on the issue raised in this assignment of error isMitchell, 40 Ohio St.3d 190. The syllabus in that case states the enhanced pleading requirements for employment-related intentional tort:
 A claim of intentional tort against an employer will be dismissed as failing to establish that the pleader is entitled to relief unless the complaint alleges facts showing that the employer: (1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and, despite this knowledge, still proceeded.
(Citations omitted.) Id. at syllabus.
The complaint in Mitchell specifically alleged the following facts: (1) while working alone at night in a Lawson convenience store, Mary was fatally shot by an assailant; (2) the store contained no alarms, protective glass, cameras or other security devices; and, (3) Lawson had provided no training or instruction in handling violent situations to Mary. The court reinstated the trial court's dismissal, concluding these allegations failed to establish a claim for intentional tort because "[e]ven if Lawson failed to equip its stores with security devices or provide its employees with training in handling violent situations, it does not follow that Lawson knew that injury to its employees was certain, or substantially certain, to result." Id. at 192-193. In essence, the court held that the complaint reached conclusions without the alleging appropriate facts. "Unsupported conclusions that [an employer] committed an intentional tort are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion."Id. at 193, citing Schulman v. Cleveland (1972), 30 Ohio St.2d 196, 198. The court continued, "This principle is important in resolving claims of intentional tort against an employer. Virtually every injury in the workplace can be made the basis for a claim of intentional tort if the unsupported conclusion that the employer intended to injure the employee is allowed to prevail over factual allegations which preclude the possibility of intentional tort." Id.
Debona's complaint alleged:
 1. On or about June 7, 1999, in the city of Wooster, County of Wayne, State of Ohio, Defendant negligently maintained it's (sic) stove, thereby causing hot butter to splash onto the neck and face of Plaintiff.
 2. At all times relevant to the within action, Plaintiff was an employee and an invitee of Defendant.
 3. As a direct and proximate result of Defendant's negligence, plaintiff (sic) has undergone sever pain and suffering; has incurred medical and hospital expenses; and impairment of his normal, social and recreational pursuits, all of which he expects to continue into the future.
 4. Plaintiff states that the actions of the Defendant constitute gross misconduct and were intentionally done to cause injury to the Plaintiff.
 5. Wherefore, Plaintiff demands compensatory damages for pain, suffering, anguish and humiliation, due to Defendants (sic) negligence, in the amount of $150,000.
* * *
 6. Plaintiff further states that as a result of Defendant's negligence Plaintiff has sustained permanent injury.
 7. Wherefore, Plaintiff demands for permanent injury, compensatory damages of $150,000, attorney fees, cost, and any other relief this court may deem is fair and equitable.
Based on the foregoing, this Court concludes that the language in Debona's complaint is conclusory. It is devoid of any factual allegation that might sustain an intentional tort claim. The only facts alleged are that Buehlers maintained a stove, Debona was Buehlers' employee and he had hot butter splashed on him from the stove. Taking these "facts" as true and construing them in Debona's favor, the complaint still fails to set forth a claim for intentional tort. Sound logic simply does not dictate that because Buehlers maintained a stove which injured Debona, Buehlers desired or intended to injure him. This Court does not serve the interest of employees, employers or the administration of justice if claims are permitted to go forward which, on the face of the pleading, have no chance of success. See Mitchell, 40 Ohio St.3d at 193. Debona's third assignment of error is overruled.
Fourth Assignment of Error
 The [trial] court erred in awarding attorney fees where no violation of R.C. 2323.51 was established.
 For his final assignment of error, Debona has maintained that the trial court's award of attorney fees was in error. He has questioned whether the award was justified, claiming that his suit was warranted under existing law, or that he, at a minimum, had a good faith argument for its extension.
In Ohio, an award of attorney fees is usually not proper absent statutory authorization or a finding that the party against whom the fees are assessed has acted in bad faith. State ex rel. Kabatek v.Stackhouse (1983), 6 Ohio St.3d 55, 55-56. An award of attorney fees may, however, be imposed as a sanction under R.C. 2323.51. This Court's review of an award of attorney fees pursuant to R.C. 2323.51 involves a determination of whether the trial court abused its discretion. Estepv. Kasparian (1992), 79 Ohio App.3d 313, 316, citing, Painter v. MidlandSteel Prod. Co. (1989), 65 Ohio App.3d 273, 280.
Pursuant to R.C. 2323.51(A)(2)(a), a trial court may award reasonable attorney fees against a party who has been found to have engaged in "frivolous conduct." The statute defines such as the conduct of a party to a civil action or his or her attorney which falls into one of the two following categories:
 (i)It obviously serves merely to harass or maliciously injure another party to the civil action;
 (ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.
Id.
 Debona has argued that his suit was not frivolous conduct because he was prepared to establish, to a substantial certainty, that Buehlers knew Debona would be burned, given the way the stove had been maintained, but that Buehlers "looked the other way." This Court is not persuaded. Indeed, his complaint failed to state a claim, and it is uncontested that Debona received workers compensation benefits for the injuries precipitating this suit. The trial court did not abuse its discretion in awarding attorney fees. Debona's fourth assignment of error is without merit.
 III.
Debona's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ______________________________________ BETH WHITMORE
BAIRD, P.J., SLABY, J. CONCUR.