OPINION
{¶ 1} On February 16, 2005, appellant, Marilyn Sabbatis, filed a complaint against appellee, C.Ray Burkey DBA, R.B. Motors, seeking remedies for odometer fraud. Appellee admitted the written statements provided to appellant omitted the fact that the vehicle's odometer exceeded the 100,000 miles mechanical limit.
 {¶ 2} By judgment entry filed October 28, 2005, the trial court granted summary judgment to appellant. The trial court granted appellant rescission, and awarded her $1,500.00 for damages incurred as a result of the odometer fraud and $3,500.00 for attorney fees incurred through September 4, 2005.
 {¶ 3} On November 28, 2005, appellant filed an appeal, arguing she should have been awarded out-of-pocket expenses and additional attorney fees. By opinion and judgment entry filed May 9, 2006, this court agreed in part and remanded the matter to the trial court to award appellant an additional $1,499.20 for damages. This court also ordered the trial court to review appellant's October 4, 2005 affidavit filed in support of additional attorney fees. See, Sabbatis v. C. Ray Burkey DBA, R.B.Motors, 166 Ohio App.3d 739, 2006-Ohio-2395.
 {¶ 4} On May 16, 2006, the trial court filed a judgment entry awarding appellant an additional $1,499.20 for damages and $1,050.00 for attorney fees incurred from September 4, 2005 to October 3, 2005.
 {¶ 5} On May 17, 2006, appellee filed a motion seeking discovery and an offset of the judgment. By judgment entry filed May 31, 2006, the trial court denied the motion. Thereafter, the parties attempted to conduct the final transactions pursuant to the judgments. However, the parties could not agree and the trial court held another *Page 3 
hearing on June 12, 2006. By judgment entry filed June 19, 2006, the trial court ordered the return of the vehicle to appellee and the delivery of checks to appellant.
 {¶ 6} On June 12, 2006, appellant filed a motion for supplemental attorney fees incurred as a result of the appeal, appellee's May 17, 2006 motion, and enforcement of the judgments. A hearing was held on July 5, 2006. By judgment entry filed July 18, 2006, the trial court denied the motion.
 {¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 8} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING SABBATIS' MOTION FOR SUPPLEMENTAL ATTORNEY FEES."
 II {¶ 9} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN EXCLUDING COUNSEL'S TIME RECORDS FROM EVIDENCE."
 I {¶ 10} Appellant claims the trial court erred in denying her motion for supplemental attorney fees. We agree in part.
 {¶ 11} In her June 12, 2006 motion for supplemental attorney fees, appellant argued post-judgment attorney fees are recoverable, including the costs for appeal. We concur with the general proposition that attorney fees are recoverable post-judgment. Hall v. Lacheta (1992), Tuscarawas App. No. 92AP020013.
 {¶ 12} The trial court originally awarded attorney fees incurred through September 4, 2005, prior to the appeal. See, Judgment Entry filed October 28, 2005. *Page 4 
As we noted in our opinion on direct appeal at ¶ 30, the issue of additional attorney fees is within the trial court's discretion:
 {¶ 13} "Accordingly, we remand this matter, to the trial court, for the court to review the affidavit filed by appellant, on October 4, 2005, in support of her request for attorney fees. It is within the trial court's discretion whether or not to grant the additional fees."
 {¶ 14} In response, the trial court awarded appellant an additional $1,050.00 for attorney fees incurred from September 4, 2005 to October 3, 2005. See, Judgment Entry filed May 16, 2006.
 {¶ 15} On June 12, 2006, appellant filed a motion seeking post-judgment attorney fees. By judgment entry filed July 18, 2006, the trial court denied the motion, finding the following:
 {¶ 16} "FINDS that Defendant did not appeal the 10/28/2005 judgment. Consequently, the appeal by Plaintiff was in no way caused by Defendant's post-judgment conduct and, consequently, Plaintiff'sMotion for an award of supplemental attorney's fees and expenses relating to her appeal of the 10/28/2005 judgment should be denied. This is so notwithstanding the fact that Plaintiff was successful, in part, on appeal. The Remand Orders of the Court of Appeals pertained to decisions made by the undersigned and not any conduct or appealable issue caused by Defendant.
 {¶ 17} "FINDS that to adopt Plaintiff's theory of recovery for attorney's fees on appeal and subsequent to remand on appeal would be the endorsement of what would be, in essence, a perpetual motion attorney's fees machine. The Court concludes that this Defendant, Mr. Burkey, is simply not responsible for the attorney's fees incurred by *Page 5 
Plaintiff subsequent to the 10/28/2005 Judgment Entry and the Court declines to award them."
 {¶ 18} As we have noted, the decision to grant attorney fees lies in the trial court's sound discretion. Painter v. Midland Steel ProductsCo. (1989), 65 Ohio App.3d 273. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 19} We concur with the trial court's analysis in part. This court granted appellant's first assignment of error in her direct appeal, ordering the trial court to award appellant an additional $1,499.20 for damages. Given that the original award for damages was $1,500.00, we find appellant obtained "a substantial modification of the trial court's judgment" and is therefore entitled to appellate attorney fees.Parker v. I F Insulation Company, 89 Ohio St.3d 261, 2000-Ohio-151, paragraph one of the syllabus. Under her second assignment of error, this court ordered the trial court to consider the October 4, 2005 affidavit filed in support of additional attorney fees. Upon remand, the trial court specifically considered the affidavit and awarded appellant $1,050.00 for attorney fees. The trial court's failure to consider the affidavit was not the fault of appellee.
 {¶ 20} Upon review, we find the trial court partially erred in denying appellant's motion for supplemental attorney fees. The trial court's consideration for supplemental attorney fees should be limited to the prosecution of the first assignment of error in the direct appeal. The trial court is hereby ordered to determine the attorney fees attributable to the prosecution of Assignment of Error I. *Page 6 
 {¶ 21} Assignment of Error I is granted in part.
 II {¶ 22} Appellant claims the trial court erred in excluding counsel's time records from evidence. We disagree.
 {¶ 23} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 24} Counsel was cross-examined on the fees. July 5, 2006 T. at 33-49. We find this cross-examination was sufficient to establish the fees, and no error occurred in excluding the time records.
 {¶ 25} Assignment of Error II is denied. *Page 7 
 {¶ 26} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed in part and reversed in part.
By Farmer, J.
Hoffman, P.J. and
Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed in part and reversed in part, and the matter is remanded to said court for further proceedings consistent with this opinion. *Page 1