THE STATE, EX REL. LILLY, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.*

(No. 6484—Decided May 9, 1961.)

*Mr. Walter S. Barrett, Jr.*, for appellee.

*Mr. Mark McElroy*, attorney general, and *Mr. Alexander H. Martin*, for appellants.

*Per Curiam.* The employee of a noncomplying employer had his claim allowed by the Industrial Commission of Ohio, and the noncomplying employer appealed the allowance of the

*Motion to certify the record overruled, October 25, 1961. Appeal dismissed, 172 Ohio St., 432.

claim to the Court of Common Pleas of Franklin County where the decision of the Industrial Commission was upheld.

The Court of Common Pleas, under the provisions of Section 4123.521, Revised Code, also found that the employer's appeal was a vexatious appeal within the meaning of that section, and made an assessment of ten per cent of the award, not to exceed $500, against the employer.

The judgment of the Common Pleas Court was certified to the Industrial Commission and it awarded the weekly benefits to the employee and paid the medical bills, but refused to pay the $500, claiming it was assessed against the employer and that the law does not provide for the payment of that amount from the state's funds. The employee then filed an action in mandamus against the Industrial Commission seeking to have the court order it to pay the assessment for the vexatious appeal out of the surplus funds, as provided by the last paragraph of Section 4123.75, Revised Code. The trial court held that the employee was entitled to the writ of mandamus and that the Industrial Commission was to pay the $500 out of the surplus funds.

The Industrial Commission of Ohio has appealed the order granting the writ of mandamus, to this court. The state makes four assignments of error, which are as follows:

"I. Error supervened by the trial court's failure to require allegation of a demand and by its failure also to require proof of a demand.

"II. Determination of amount of compensation by a court of law is error.

"III. A judgment in mandamus is based upon reversible error where it allows the writ despite a lost plain, adequate remedy in ordinary course of law, and where it allows the writ, despite an available plain, adequate remedy in ordinary course of law.

"IV. It is error to compel by writ of mandamus payment from a fund where such payment is contrary to the rules, laws and constitutional provisions whereby such fund is established, maintained and directed."

Having considered the assignments of error and the record of the proceedings in the trial court, two members of this court are of the opinion that the trial court properly appraised

the rights of the employee of the noncomplying employer, and the judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

DUFFY and BRYANT, JJ., concur.

DUFFEY, P. J., dissents. Appellee filed a claim with the commission under Section 4123.75, Revised Code (noncomplying employers). While the claim was pending, Section 4123.519, Revised Code, and Section 4123.521, Revised Code, were enacted. Pursuant to the former, the employer filed an appeal in the Common Pleas Court. On February 3, 1958, the court gave judgment for the claimant. Acting under Section 4123.521, Revised Code, the court further found that the appeal was vexatious and made an assessment of $500 against the employer.

Subsequently, the claimant (appellee here) filed a motion requesting the Industrial Commission to pay, or order paid, this $500 assessment. The commission denied the motion. The claimant thereupon filed this action in mandamus to require payment.

Appellee claims that the assessment should be considered as "compensation" payable out of the state fund, and that it should be certified by the court under Section 4123.519, Revised Code, to the commission and paid by the commission. It is not clear whether he contends that the payment should be in the manner of other awards, or whether it should be taken from the surplus, or whether the commission could recoup against the employer. Appellant contends the payment is a penalty, and that for various vaguely explained reasons it is illegal to charge this against the fund.

Section 4123.521, Revised Code, as adopted in 1955, provides simply as follows:

"In the case of an appeal by the employer to the Industrial Commission or to a Court of Common Pleas, if upon deciding such appeal the commission or the court shall find that the employer appealed for the purpose of delay or other vexatious reason and without reasonable ground, the commission or the court may assess against the employer such sum not exceeding seven hundred and fifty dollars and not exceeding ten per cent of the total amount of the award in question as may be reasonable in the circumstances.

"The sums assessed under this section shall be paid to the claimant."

There does not appear to be any other statute which deals specifically with the mechanics for the payment of this particular assessment. The enactment of this section coincided with the enactment of Section 4123.519, Revised Code, which, for the first time, granted employers the right of appeal and the right to participate in a claimant's appeal.

It is apparent that by giving an employer the right of appeal on the one hand, and the right to be an active party to a claimant's appeal on the other hand, the employer has the power to delay a determination. The apparent purpose of the vexatious appeal assessment is to penalize the employer for using these rights unreasonably, and to thereby discourage abuses.

Does the assessment also represent a compensation or reimbursement to the claimant? Obviously it has no relation to compensation in the sense of losses arising from injury, death, or occupational disease. Nor can it be considered as a rough approximation of, and reimbursement for, expenses incurred by the claimant in the appeal. Under Section 1465-90, General Code, and its successor, Section 4123.51, Revised Code, there was a specific provision on the taxing of court costs and attorney fees for a claimant. This provision was repealed in 1955 (126 Ohio Laws, 1015, 1036), and no such provision was included in the initial version of Section 4123.519, Revised Code. However, by amendment in 1959 (128 Ohio Laws, 743, 753), a provision for court costs and attorney fees was reinserted in the appeal section. In my opinion the adoption of the 1959 amendment, while at the same time retaining the vexatious appeal section, makes it clear that the latter was never in any sense a reimbursement to the claimant for expenses incurred on the appeal.

Appellee contends that the assessment is analogous to an additional award for violation of a specific safety requirement. The basic provision on safety requirements is contained in Section 35, Article II of the Constitution. The Constitution specifically provides that the amount determined "shall be added by the board, to the amount of the compensation * * * and paid in like manner as other awards." There is no such specific provision for payment in Section 4123.521, Revised Code. The

Constitution provides further that "if such compensation is paid from the state fund, the premium of such employer shall be increased in such amount * * * as will recoup the state fund in the amount of such additional award." It is thus apparent that in the case of a safety requirement violation the state fund does obtain a recoupment, and the burden of the additional award falls on the particular employer and not upon all employers.

In the vexatious appeal assessment, there is no statutory authority to vary the premium rate specifically to obtain such a recoupment. If the penalty be included and paid as a compensation award, it is apparent that an employer's merit rating would not necessarily be affected. The employer's accident experience may still be within the industry average. It is also clear that if an assessment were made because of an estimated deficiency, it would be paid by *all* employers on a proportion of payroll to total gross payroll of all employers. If paid from the surplus fund, there is no statutory authority for the commission to specially assess the employer.* To require the penalty to be paid by the commission out of the state fund would thus result in its burden being cast on all employers rather than the guilty employer. This is inconsistent with the purpose of the statute.

Attention has been directed to the provision of Section 4123.519, Revised Code, with respect to the certification by the court to the commission for payment by the administrator. For the reasons just explained, to interpret that provision as applying to the vexatious appeal penalty would conflict with the purpose of the penalty. In addition, I do not believe the certification provision can be reasonably so interpreted. The statute provides that "The court shall certify its decision to the commission * * *." The "decision" is the determination of the right to participate, referred to in the preceding paragraph of the statute. This interpretation is consistent with the provisions of the earlier statute and with the treatment accorded

---

*It might be noted that Section 4123.521, Revised Code, authorizes the commission to make a determination of a vexatious appeal and assess the penalty against the employer *in connection with the appeals to the commission.* Assuming this a valid provision, I do not believe that it can be stretched to import the right of the commission to assess the employer for a penalty arising from a court appeal. Further, nothing in the statute suggests that the *commission pays* the penalty which *it* has assessed against the employer.

court costs and attorney fees for claimants. Compare former Section 4123.51, Revised Code, and Section 1465-90, General Code, where the certification of the court was of the "finding or verdict."

Finally, it has been suggested that under Section 4123.75, Revised Code, a claim against a noncomplying employer is to be paid from the surplus fund, and the commission would then recoup by a civil judgment against the employer. In my opinion, that section is irrelevant to the present case.

Section 4123.75, Revised Code, applies only to noncomplying employers. The vexatious appeal statute applies to complying, self-insuring and noncomplying employers. I do not believe the statute should be interpreted as authorizing the use of the surplus fund for one type of employer but not for others.

In addition, the commission's award is for such an amount as the employee "would be entitled to receive if such employer had complied with Section 4123.35." To assume that this award to which the employee is "entitled" includes the penalty, is to assume the whole problem. The question is whether the penalty statute *can* be interpreted as incorporating the provisions of Section 4123.75, Revised Code.

It might be noted that attorney fees in claims against noncomplying employers have in the past, and perhaps at present, been payable directly by the employer. Under Section 1465-90, General Code, and former Section 4123.51, Revised Code, court costs and attorney fees were "taxed against the unsuccessful party." Under those statutes, the commission was not a party to an appeal involving a noncomplying employer.

Because the nature of the assessment is a personal penalty against the particular employer, and there is no provision to enable the state fund to fully recoup such a payment, I believe that an assessment under Section 4123.521, Revised Code should be held to be against the employer personally and directly, and is not payable from the state fund.

The lower court found that the assessment in the entry of the Common Pleas Court in the appeal case constituted a personal judgment against the employer upon which execution was immediately available. While the question is not directly before us, I am inclined to agree.

The order issuing the writ of mandamus should be reversed and the petition dismissed.