**WARTMAN, Appellant,**

v.

**ANCHOR MOTOR FREIGHT COMPANY et al., Appellees.**

[Cite as *Wartman v. Anchor Motor Freight Co.* (1991), 75 Ohio App.3d 177.]

Court of Appeals of Ohio,
Lucas County.

No. L–90–095.

Decided July 26, 1991.

*Ronald T. Bella,* for appellant.

*David A. Kadela* and *William J. Barath,* for appellee Anchor Motor Freight Co.

*Lee I. Fisher,* Attorney General, and *Sandra J. Lisowski,* for appellees Ohio Bureau of Workers' Compensation and Industrial Commission of Ohio.

ABOOD, Judge.

This is an appeal from a judgment of the Lucas County Court of Common Pleas which, at the close of appellant Charles Wartman's evidence in a trial to the court, directed a verdict in favor of appellees, Anchor Motor Freight Company, James Mayfield, Administrator, Bureau of Workers' Compensation, and Industrial Commission of Ohio.[1] Appellant sets forth two assignments of error:

"1. The trial court erred by granting the Appellees' Motion for Directed Verdict based upon a finding that the Court lacked subject matter jurisdiction over appellant's case.

"2. O.R.C. Section 4123.54, as applied by the trial court in this case, is unconstitutional because it deprives Appellant due process of law and equal protection of the law."

This case arises from an injury received by a nonresident while driving through Ohio in the course of, and arising out of, employment entered into outside Ohio. Appellant filed a claim for workers' compensation benefits with the Industrial Commission of Ohio which was denied administratively and, on March 23, 1989, filed a complaint in the Lucas County Court of Common Pleas, pursuant to R.C. 4123.519, appealing the administrative denial of his claim. The following findings of fact, which are sufficient for a determination

---

1. On April 10, 1991, appellees Patrick Mihm, Administrator, Bureau of Workers' Compensation and the Industrial Commission of Ohio filed a motion with this court to join in appellee Anchor Motor Freight Company's brief. Upon consideration, this court finds appellees' motion well taken and grants same.

of the issues raised by this appeal, were made by the trial court and are agreed by the parties to be undisputed:

"1. On October 14, 1985, Plaintiff was involved in an accident while driving a truck in the course of and arising out of his employment with Defendant, Anchor Motor Freight Co.

"2. The accident occurred in Toledo, Lucas County, Ohio.

"3. Plaintiff was, at all times relevant hereto, a resident of Kentucky.

"4. Defendant Anchor was, at all times relevant hereto, a Michigan resident corporation engaged in the business of interstate trucking.

"5. Plaintiff, in the course of his employment with Defendant Anchor, drove his truck on Ohio highways, averaging approximately 400 miles per week.

"6. Plaintiff made regular deliveries to destinations outside of Ohio, as well as to locations in Ohio.

"7. The Plaintiff was regularly dispatched out of Defendant Anchor's terminal in Pontiac, Michigan.

"8. At the time of the accident, Plaintiff was in the process of driving his empty truck from his home in Kentucky to his dispatch terminal point in Pontiac, Michigan, having last made a delivery in Indiana, when the accident occurred in Lucas County, Ohio.

"The Court takes Judicial Notice of the following facts:

"9. Plaintiff [*sic,* defendant] had filed and been assigned a 'Risk No. 206589', by the Ohio Bureau of Worker's Compensation, thereby establishing by implication Defendant Anchor's participation in Ohio's Worker[s'] Compensation coverage through the Ohio Insurance Fund.

"10. The Industrial Commission's Order disallowing the Plaintiff's Claim was premised upon a finding that, 'claimant was hired, supervised and controlled in the State of Michigan * * * [that he] is a resident of a state other than Ohio * * * [that he] is insured under the Worker[s'] Compensation Law of a state other than Ohio * * * [and that he] was temporarily in the State of Ohio at the time of the injury of 10–14–85.

"11. The Court, in interpreting Michigan statutory law, to wit: M.C.L. 418.845; M.S.A. 17.237(845), and Michigan case law, to wit: *Wolfe v. Ethyle* [*Wolf v. Ethyl* ] *Corp.* (1983) [124 Mich.App. 368], 335 N.W.2d 42 (Mich.App.), determines Plaintiff is not entitled to participate in, nor is he covered under Michigan's Worker[s'] Compensation law, since he is an out-of-state resident, and the accident occurred outside the State of Michigan.

"12. The Court determines, under Kentucky statutory law, to wit: K.R.S. Sec. 342.670, Plaintiff is denied the right to participate in, and he is not covered under Kentucky's Worker[s'] Compensation law."

On January 16, 1990, the case proceeded to a trial to the court. At the close of appellant's evidence, appellees moved for a directed verdict. On February 13, 1990, the trial court filed its judgment entry which, pursuant to R.C. 4123.54, found that appellant was only "temporarily" within the state of Ohio at the time of his accident and granted appellees' motion for directed verdict. It is from this judgment that appellant brings this appeal.

In his first assignment of error, appellant contends that the trial court erred in its interpretation of R.C. 4123.54. In support, appellant argues that R.C. 4123.54 does not preclude a nonresident employee who is "temporarily within this state" from receiving compensation or benefits unless that employee is "insured under the workers' compensation law or similar laws of a state other than this state" and that in this context the term "insured" means "covered." Alternatively, appellant argues that he was not "temporarily" in Ohio. In his second assignment of error, appellant argues that the application of R.C. 4123.54, as interpreted by the trial court, to the facts of this case deprives him of due process and equal protection of the law.

Appellees respond that R.C. 4123.54 precludes the receipt of compensation when, at the time of the accident, an employee is a resident of a state other than Ohio, is only temporarily within Ohio and is insured under the workers' compensation laws of states other than Ohio. Appellees submit that "insured," in this context, does not mean "availability of a remedy," but rather only that the employer has taken out a policy of insurance in a state other than Ohio on behalf of his employees. Appellees further respond that appellant waived his constitutional arguments by failing to raise them in the trial court and that no class of persons is created by the statute.

The issue of whether appellant has insufficient contacts with Ohio to entitle him to compensation, or whether his employer is engaged entirely in interstate commerce, has not been raised by the parties and is not, therefore, before this court. Nor is it contended or argued that appellant is not an "employee" as defined in R.C. 4123.01(A).

■ The issue presented by appellant's first assignment of error is whether *R.C. 4123.54* precludes appellant from receiving workers' compensation and benefits.

■ R.C. 4123.54 provides, in pertinent part, that:

"Every employee, who is injured * * * is entitled to receive * * * the compensation * * * [and other benefits] as are provided by this chapter.

"* * *

"If an employee is a resident of a state other than this state and is insured under the workers' compensation law or similar laws of a state other than this state, the employee and his dependents are not entitled to receive compensation or benefits under this chapter, on account of injury, disease, or death arising out of or in the course of employment while temporarily within this state and the rights of the employee and his dependents under the laws of the other state shall be the exclusive remedy against the employer on account of the injury, disease, or death."

Pursuant to R.C. 4123.54, an employee is not entitled to receive compensation or benefits for an injury when that employee (1) is a resident of a state other than Ohio, (2) is insured in a state other than Ohio, and (3) is only temporarily in Ohio. All three conditions must exist to preclude compensation; the absence of one condition will result in the general entitlement, pursuant to R.C. 4123.54, of every employee to compensation or benefits.

Since neither party disputes that appellant is a resident of Kentucky, the preliminary issue for this court is whether appellant was, at the time of his injury, *"insured* under the workers' compensation law" (emphasis added) of another state. This issue, in turn, involves the threshold question of whether preclusion from participation under the workers' compensation law of another state on a jurisdictional or quasi-jurisdictional basis (*e.g.,* situs of injury, length of stay, place of hire and/or state of residence) results in the employee not being "insured" in another state as that term is used in R.C. 4123.54.

In *Wingate v. Hordge* (1979), 60 Ohio St.2d 55, 58, 14 O.O.3d 212, 214, 396 N.E.2d 770, 772, the Supreme Court of Ohio stated:

"It is a cardinal rule of statutory construction that where the terms of a statute are clear and unambiguous, the statute should be applied without interpretation. *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101 [65 O.O.2d 296], 304 N.E.2d 378. Where the court is confronted with a statutory ambiguity, the rules of statutory interpretation may be invoked for the purpose of ascertaining the true intent of the General Assembly. See *Humphrys v. Winous Co.* (1956), 165 Ohio St. 45 [59 O.O. 65], 133 N.E.2d 780."

The General Assembly has established certain basic guidelines for statutory interpretation. R.C. 1.49 provides:

"If a statute is ambiguous, the court, in determining the intention of the legislature, may consider among other matters:

"(A) The object sought to be attained;

"(B) The circumstances under which the statute was enacted;

"(C) The legislative history;

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction;

"(F) The administrative construction of the statute."

In addition, R.C. 4123.95 provides that "Sections 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees * * *."

Preliminarily, this court notes that it is clear that the term "insured," as employed in R.C. 4123.54, does not mean that benefits were actually "awarded" or "recovered"; this is apparent when considered in light of the preceding paragraph of R.C. 4123.54 which credits the bureau with any benefits "awarded or recovered" under the laws of another state. If the legislature meant to preclude compensation or benefits to out-of-state residents only in cases in which benefits were actually awarded or recovered in another state, then it would have employed the same language that it used in the preceding paragraph. The term "insured" is ambiguous, however, because, as used in R.C. 4123.54, it is unclear whether it is meant to preclude an employee from receiving benefits in Ohio: (a) merely because a policy of workers' compensation insurance has been secured in another state by the injured workers' employer; or (b) only when the application of the law of the other state would permit actual recovery under the facts of the case; or (c) only when the claimant's employer is required to maintain coverage on his behalf in another state, *i.e.*, amenability; or (d) only when the laws of the other state do not deny its agencies and courts the power to entertain a claim for benefits on the merits, *i.e.*, bestows subject-matter jurisdiction.

The purpose behind the Ohio Workers' Compensation Law is stated in Section 35, Article II of the Ohio Constitution:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries, or occupational disease."

The Supreme Court of Ohio stated, early on, in *Indus. Comm. v. Drake* (1921), 103 Ohio St. 628, 636, 134 N.E. 465, 467:

"While the premium is paid by employers, in the last analysis it amounts to a deduction from the wages due the workmen to create a fund to be administered for their benefit * * * in the strictest sense a mutual insurance * * *."

The general purpose of the Workers' Compensation Act, therefore, is reciprocal, on the one hand to provide compensation to injured workers and their dependents and, on the other hand, to shield employers from actions for damages for accidental injuries. The objective sought to be attained by R.C. 4123.54 is, by its very language, the providing of compensation to "[e]very employee" who is injured in the course of, and arising out of his employment. The General Assembly could have, but did not, pursuant to the nonresidency provision contained in R.C. 4123.54, preclude entitlement to benefits to a nonresident solely on the basis that he is temporarily in Ohio. Instead, it imposed the additional condition that, to be precluded, the nonresident employee who is temporarily in Ohio must be "insured" under the workers' compensation laws of another state. We believe that this evidences legislative concern that a remedy be available somewhere to the nonresident employee.

█ Upon consideration of the law as set forth above, including the directive of R.C. 4123.95 to interpret R.C. 4123.54 liberally in favor of employees, and in light of its clear legislative intent, and applying that law to the undisputed facts as found by the trial court, this court finds: (1) pursuant to the nonresidency provision of R.C. 4123.54, when a nonresident employee is not "insured under the workers' compensation law" of another state, he is entitled to workers' compensation benefits in Ohio for an injury occurring in Ohio; (2) such an employee is not "insured" in another state when, although his employer has secured a policy of insurance in that other state, he is precluded by that other state from entitlement to compensation on a jurisdictional or quasi-jurisdictional basis; (3) appellant herein was foreclosed on a jurisdictional or quasi-jurisdictional basis, from receiving workers' compensation in all other states; (4) appellant was not insured in a state other than Ohio; and (5) appellant is not precluded, by virtue of the nonresidency provision of R.C. 4123.54, from entitlement to compensation or benefits.[2]

---

**2.** This court is not unmindful of the possible extraterritorial application of this finding to a case in which a nonresident employee is injured outside of Ohio. Whether such a case requires application of the nonresidency provision of R.C. 4123.54, application of the test for sufficient contacts, *Prendergast v. Indus. Comm.* (1940), 136 Ohio St. 535, 17 O.O. 190, 27 N.E.2d 235, or some other test, *Holly v. Indus. Comm.* (1943), 142 Ohio St. 79, 26 O.O. 261, 50 N.E.2d 152, or a combination of tests, is not within the purview of this opinion. The present opinion is limited to the facts of this case in which a nonresident employee is injured in Ohio.

Accordingly, appellant's first assignment of error is found well taken. Having held that R.C. 4123.54 does not apply in this case to defeat compensation, appellant's constitutional arguments, based as they are on a deprivation of his right to a forum in which to have his claim considered, are moot. Accordingly, appellant's second assignment of error is found not well taken.

On consideration whereof, this court finds that substantial justice has not been done the party complaining and the judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded to said court for further proceedings not inconsistent with this opinion. Costs assessed against appellees.

*Judgment reversed.*

GLASSER and SHERCK, JJ., concur.

---

We otherwise do not decide today whether or not the term "insured," as used in R.C. 4123.54, encompasses a situation in which the nonresident employee has been or would be denied compensation and benefits in another state as a result of the application of that state's substantive or procedural law to the facts of the case.