POWERS

v.

CITY OF NORTH ROYALTON, Appellee;

Industrial Commission of Ohio et al., Appellants.

[Cite as *Powers v. N. Royalton* (1995), 103 Ohio App.3d 269.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68138.

Decided May 4, 1995.

270

*William M. Crosby,* for Arlen Powers, Jr.

*Rademaker, Matty, McClelland & Greve, Robert C. McClelland* and *Betsy Dvorak,* for appellee city of North Royalton.

*Betty D. Montgomery,* Attorney General, and *Fred J. Pompeani,* Assistant Attorney General, for appellants Administrator and Industrial Commission.

---

*Per Curiam.*

Defendants-appellants, the Administrator of the Ohio Bureau of Workers' Compensation and the Industrial Commission of Ohio, appeal the order of the trial court that the Ohio Bureau of Workers' Compensation pay attorney fees and costs after a claimant was successful upon an appeal by the employer of an order of the Industrial Commission.

Appellants assign the following errors for review:

"I.   The trial court erred in ordering that fees and costs be paid by the Ohio Bureau of Workers' Compensation.

"II.   The trial court erred in awarding the sum of $2,5000.00 [*sic*] as attorney fees."

As the appeal has merit, the judgment of the trial court is reversed.

## I

The city of North Royalton appealed the allowance of Arlen Powers's claim for Workers' Compensation for injuries received while in the employ of North Royalton. Appellants did not contest Powers's right to receive the benefits. On July 18, 1994, a jury trial was held in Cuyahoga County Common Pleas Court, which returned a verdict in favor of Powers. The trial court ordered North Royalton to pay $2,500 for Powers's attorney fees and deposition costs. The trial court later changed its journal entry pursuant to Civ.R. 60(A) to order the Ohio Bureau of Workers' Compensation to pay the fees and costs. The amount of attorney fees was listed as "$2,5000.00" in the second journal entry.

## II

In their first assignment of error, appellants contend the trial court erred by assessing fees and costs against the Bureau of Workers' Compensation. Appellants argue that pursuant to R.C. 4123.512(F), such fees and costs are to be paid by the party contesting the claimant's right to participate in the fund. Appellants maintain that because North Royalton disputed Powers's claim, it, and not the Bureau of Workers' Compensation, is responsible for Powers's attorneys fees and costs.

North Royalton counters by arguing that the attorney fees are to be taxed against either the state fund or a self-insured employer. North Royalton asserts that the proper source to be taxed is the risk account of the Bureau of Workers' Compensation when the employer is not self-insured but is insured by the state fund.

R.C. 4123.512(F) provides:

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars."

In *Alford v. Republic Steel Corp.* (1983), 12 Ohio App.3d 145, 12 OBR 468, 467 N.E.2d 567, this court interpreted the language of R.C. 4123.519, predecessor to R.C. 4123.512(F), to mean:

"[W]here the claimant is victorious, costs shall be taxed against the employer if the employer contested the claimant's right to benefits, but costs will be taxed

against the Industrial Commission if the Industrial Commission or administrator contested the claimant's right to benefits." *Id.* at 146, 12 OBR at 468–469, 467 N.E.2d at 567. Accord *Sorci v. Gen. Motors Corp.* (1983), 13 Ohio App.3d 223, 13 OBR 274, 468 N.E.2d 916.

The award of attorney fees is mandatory under the statute. This affords the claimant relief from litigation expenses if he ultimately prevails either by winning his own appeal or by successfully defending against an appeal by his employer. *Wickline v. Ohio Bell Tel. Co.* (1983), 9 Ohio App.3d 32, 35, 9 OBR 34, 36, 457 N.E.2d 1192, 1195.

"The state has a legitimate interest in seeing employees compensated for work-related injuries. Taxing costs to employers who contest claims ultimately determined to be valid is a procedure rationally related to the state's interest in seeing those injured employees compensated." *Sorci, supra,* at 225, 13 OBR at 276, 468 N.E.2d at 918.

The statute serves this public policy in assessing attorney fees as an incident of a successful claimant's recovery. *Painter v. Midland Steel Products Co.* (1989), 65 Ohio App.3d 273, 583 N.E.2d 1018. Further, an employer may be taxed for the costs of depositions as a cost of any legal proceeding authorized by the statute. *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 18 OBR 314, 480 N.E.2d 1101, syllabus.

North Royalton relies on language in R.C. 4123.512(D), which states in pertinent part:

"The bureau of workers' compensation shall pay the cost of the deposition filed in court and of copies of the deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal."

North Royalton argues that *Akers v. Serv–A–Portion, Inc.* (1987), 31 Ohio St.3d 78, 31 OBR 190, 508 N.E.2d 964, supports its position. In *Akers,* the court held that deposition costs are to be paid from the surplus fund, whether or not the claimant successfully establishes a right to participate under the Workers' Compensation Act. If the claimant's right to participate is finally sustained or established, the fund is to be reimbursed as the costs are charged against the unsuccessful party (that is, the self-insured employer or the Industrial Commission).

R.C. 4123.512(F) states that the cost of any legal proceedings authorized by this section is to be taxed against the employer if it disputes the right of the ultimately successful claimant to participate in the fund. It makes no distinction between self-insured employers and those insured by the state fund.

Courts may not delete words used in a statute or insert words not used. *Cline v. Ohio Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 97, 573 N.E.2d 77, 80. R.C. 4123.01(B) defines "employer" as:

"(1) The state, including state hospitals, each county, municipal corporation, township, school district, and hospital owned by a political subdivision or subdivisions other than the state;

"(2) Every person, firm, and private corporation, including any public service corporation, that (a) has in service one or more employees regularly in the same business or in or about the same establishment under any contract of hire, express or implied, oral or written, or (b) is bound by any such contract of hire or by an any other written contract, to pay into the insurance fund the premiums provided by this chapter.

"All such employers are subject to this chapter. Any member of a firm or association, who regularly performs manual labor in or about a mine, factory, or other establishment, including a household establishment, shall be considered an employee in determining whether such person, firm, or private corporation, or public service corporation, has in its service, one or more employees and the employer shall report the income derived from such labor to the bureau as part of the payroll of such employer, and such member shall thereupon be entitled to all the benefits of an employee."

There is no distinction between those employers who are self-insured and those insured through the state fund. Although R.C. 4123.512(D) provides that deposition costs are to be paid by the Bureau of Workers' Compensation, it also allows for the surplus fund to be reimbursed by the unsuccessful party once a claimant's right to receive benefits is established in the appeal. Once the claimant's right to receive those benefits is settled upon appeal, there seems to be no reason why the unsuccessful party cannot be charged directly for the costs. R.C. 4123.512(F) governs once the appeal is finally determined. It allows for the cost of any legal proceedings authorized by this section to be taxed against an employer if the employer disputed the claimant's right to benefits. This is what occurred in the instant case. The costs of the litigation including attorney fees should have been paid by the employer, North Royalton.

The trial court erred in assessing the costs and fees against the Bureau of Workers' Compensation.

Appellants' first assignment of error has merit.

### III

In their second assignment of error, appellants contend the trial court erred by assessing attorney fees in the amount of "$2,5000.00 [*sic*]."

It is clear this is a typographical error. The trial court's first journal entry provided for attorney fees in the amount of $2,500, which is the maximum permitted under the statute. The trial court's entry should be corrected to reflect the accurate amount.

Appellants' second assignment of error is well taken.

The judgment is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

SPELLACY, P.J., MATIA and DYKE, JJ., concur.