SANFORD, Appellee,

v.

D & T LIMOUSINE SERVICE, INC., et al., Appellants.

[Cite as *Sanford v. D & T Limousine Serv., Inc.* (1996), 108 Ohio App.3d 520.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68660.

Decided Jan. 4, 1996.

*Ronald Kahn,* for appellee Joseph B. Sanford.

*Licata & Crosby Co., L.P.A., Louis J. Licata* and *Ellyn Tamulewicz,* for appellant D & T Limousine Service, Inc.

*Betty D. Montgomery,* Attorney General, and *Edward S. Jerse,* Assistant Attorney General, for Appellees Administrator of the Bureau of Workers' Compensation, and the Industrial Commission of Ohio.

---

HARPER, Presiding Judge.

Plaintiff-appellee, Joseph B. Sanford, was injured in the course of and arising out of his employment with defendant-appellant, D & T Limousine Service, Inc. ("D & T"), on January 22, 1990. Sanford filed his application for compensation with the Industrial Commission of Ohio ("the commission") in February 1990. Sanford's right to receive benefits from the Workers' Compensation Fund was tentatively approved on April 10, 1990, and thereafter confirmed by a district hearing officer on August 10, 1990, the Regional Board of Review on March 20, 1991, and the commission on October 28, 1992.

D & T filed an appeal in the Court of Common Pleas of Cuyahoga County pursuant to R.C. 4123.519 (now R.C. 4123.512) on November 17, 1992. It voluntarily dismissed the appeal on August 10, 1993 as permitted by Civ.R. 41(A)(1)(a).

Sanford filed a "motion to designate and tax court costs including attorney fees" on August 25, 1993. The trial court received briefs on the issue and, without conducting a hearing, granted Sanford's motion for statutory attorney fees on October 14, 1993.

D & T appealed the October 14, 1993 ruling to this court on November 10, 1993, based upon the trial court's failure to conduct an evidentiary hearing (App. No. 66461). We dismissed the appeal on February 1, 1994 for lack of a final appealable order since the trial court failed to specify the amount of the judgment in the October 14, 1993 entry.

The trial court held a pretrial on March 30, 1994 with regard to the attorney fees issue. After the parties submitted evidentiary materials, the court issued the following journal entry on June 1, 1994:

"This action coming on for hearing before the Court, and the issues having been duly heard and a decision having been duly rendered,

"IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion filed August 25, 1993, to designate and tax court costs including attorney fees is granted in the sum of Two Thousand One Hundred Twenty–Four Dollars ($2,124.00)."

D & T filed a "motion to clarify judgment and to enter *nunc pro tunc* order" on January 10, 1995 ("motion to clarify"). The motion set forth that D & T's counsel contacted the Attorney General's office, the office which represents the commission and the Bureau of Workers' Compensation ("the bureau"). D & T requested the commission and bureau pay the attorney fees awarded to Sanford and then assess a premium against D & T, a state-fund employer. The bureau and commission denied the request. D & T argued to the trial court in its motion to clarify that, based upon a journal entry issued in a separate case in the court of common pleas, and its past practice with the bureau and commission, the bureau's and commission's policy was to pay attorney fees and then assess them against the employer.

The trial court, on February 7, 1995, rejected D & T's suggestion that the bureau and commission be ordered to pay Sanford's attorney fees. The court instead adopted the bureau's and commission's recommended *nunc pro tunc* order which ordered D & T to directly pay Sanford's counsel's fees.

This appeal followed, with D & T claiming as error:

"The trial court's order which denied D & T's motion to enter *nunc pro tunc* order and which instructed D & T to directly pay attorney's fees to Joseph Sanford's counsel was erroneous because it completely abandoned the language of OAC [Section] 4121–3–18 which directs the administrator, not the employer, to

pay an award of attorney's fees to the plaintiff's counsel and subsequently bill the employer for that fee."

D & T challenges neither the trial court's award of attorney fees to Sanford's counsel nor the amount of the award. D & T, however, contests the failure of the trial court's judgment entry to specify that the commission pay the attorney fees out of the state fund and then recoup the fees from D & T. D & T submits that this method of payment is consistent with the intent of the legislature in enacting the workers' compensation laws, R.C. 4123.519(E) (now R.C. 4123.512[F] ), Ohio Adm.Code 4121-3-18(B)(2), and the commission's past practice.

The Industrial Commission of Ohio is a creature of statute under constitutional authorization. Section 35, Article II, Ohio Constitution speaks to the purpose behind its creation and the workers' compensation structure:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease. * * * "

The state workers' compensation system is designed basically to provide deserving claimants a mechanism by which they can readily obtain compensation, and to shield employers from actions for damages for accidental injuries. See *Indus. Comm. v. Drake* (1921), 103 Ohio St. 628, 636, 134 N.E. 465, 467; *Wartman v. Anchor Motor Freight Co.* (1991), 75 Ohio App.3d 177, 183, 598 N.E.2d 1297, 1301–1302; *Jeany v. Atlas Constr. Co.* (Aug. 15, 1989), Franklin App. Nos. 88AP–1190 and 88AP–1196, unreported, 1989 WL 92064.

Since the commission is statutorily created, its power and the extent of that power are defined by statute. See *Bruce v. Bruce* (1955), 100 Ohio App. 121, 60 O.O. 100, 130 N.E.2d 433. Absent express statutory authority, attorney fees are not payable out of the state fund. See *State ex rel. Gordon v. Indus. Comm.* (1935), 129 Ohio St. 212, 215, 2 O.O. 6, 7–8, 194 N.E. 418, 419.

Attorney fees are recoverable under R.C. 4123.512(F) following an appeal pursuant to R.C. 4123.512(A). The purpose of R.C. 4123.512(F) is to furnish an injured employee relief from litigation expenses upon the ultimate establishment

of the right to participate in the Workers' Compensation Fund as a result of either the employee's winning of the appeal, or successfully defending against the employer's appeal. See *Wickline v. Ohio Bell Tel. Co.* (1983), 9 Ohio App.3d 32, 35, 9 OBR 34, 36–37, 457 N.E.2d 1192, 1195. (construing R.C. 4123.519[E] ).

R.C. 4123.512(F) provides as follows:

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, *shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund.* The attorney's fee shall not exceed twenty-five hundred dollars." (Emphasis added.)

The commission offers *Powers v. N. Royalton* (1995), 103 Ohio App.3d 269, 659 N.E.2d 338, as being fully dispositive of this appeal. The claimant in *Powers* was successful upon an appeal by the employer from an order of the commission; the bureau and commission never contested the claimant's right to the benefits. The administrator of the bureau and the commission appealed to this court from the trial court's ruling which ordered the bureau to pay a claimant's attorney fees and costs. We determined that the city employer was responsible for the attorney fees since it was the city employer which disputed the claimant's right to benefits. Though this court opined that there was no reason to not order an unsuccessful party to directly pay costs once a claimant's right to receive benefits is settled on appeal, *Powers* does not declare an *exclusive* method of payment for attorney fees. See, also, *Painter v. Midland Steel Products Co.* (1989), 65 Ohio App.3d 273, 583 N.E.2d 1018; *Sorci v. Gen. Motors Corp.* (1983), 13 Ohio App.3d 223, 13 OBR 274, 468 N.E.2d 916; *Warrick v. Trimble* (Dec. 8, 1994), Cuyahoga App. No. 66446, unreported, 1994 WL 695341; *Stotridge v. Ohio Bur. of Workers' Comp.* (June 3, 1992), Pickaway App. No. 91 CA 18, unreported, 1992 WL 126232; *Brooks v. Brost Foundry Co.* (May 2, 1991), Cuyahoga App. No. 58065, unreported, 1991 WL 69341; *Pahl v. First Union Mgt., Inc.* (Nov. 1, 1984), Cuyahoga App. No. 48026, unreported, 1984 WL 3543. In other words, none of these cases specifically prohibits the payment of the fees from the Workers' Compensation Fund and then a recoupment of the fees from the employer if the employer was the appealing and unsuccessful party.

D & T asserts that Ohio Adm.Code 4121–3–18(B)(2) fills the void present in R.C. 4123.512(F). The administrative code section reads as follows:

"Notices of appeal stating the names of the claimant and the employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom must be filed with the court of common pleas within

sixty days after the date of receipt of such decision. *If the claimant obtains a judgment on a court appeal in a case wherein the employer contested the claimant's right to participate in the fund, the statutory attorney fee for claimant's attorney shall be paid by the administrator and the employer shall then be billed for such fee by the accounts section."* (Emphasis added.)

Though R.C. 4123.512(F) sets forth whether the employer or the commission is ultimately liable for the attorney fees, it does not specify the method of payment. D & T presents Ohio Adm.Code 4121-3-18(B)(2) as providing the method of payment when an employer appeals an employee's right to workers' compensation to the court of common pleas, and the right is confirmed: the commission directly pays the claimant's attorney and then assesses the employer. Under this system, the commission is always responsible for direct payment of attorney fees to a successful claimant upon an appeal to the court of common pleas by either the employee, the employer, the commission, or the administrator. The only difference is that when the employer is the appealing party, and the claimant is successful, the commission has the right to recoup the expended funds from the employer. D & T proposes that the statute and the administrative code section are thus not in conflict, but instead work in tandem in cases like the one presently before us.

The commission counters that the statute is apparent on its face, thereby leaving no room for doubt that D & T must directly pay Sanford's attorney fees. In other words, the language "shall be taxed against the employer" means just that, and without additional language calling for recoupment, the statute is not to be interpreted in any other manner. The commission, in the alternative, argues that Ohio Adm.Code 4121-3-18(B)(2) is ambiguous, and offers no assistance to the resolution of this appeal.

 A court's chief concern with regard to construing a statute is the General Assembly's intent when it enacted the statute. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319, 1322-1323. Legislative intent, under Ohio law, is initially determined by reviewing the language of the statute. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 218, 574 N.E.2d 457, 461-462. With this concept in mind, words and phrases are read in context and construed according to the rules of grammar and common usage. *Indep. Ins. Agents of Ohio, Inc. v. Fabe* (1992), 63 Ohio St.3d 310, 314, 587 N.E.2d 814, 817. Courts, therefore, are confined to giving effect to the words used, and have no authority to ignore the plain and unambiguous language of a statute under the pretense of statutory interpretation. See *State Farm Mut. Auto. Ins. Co. v. Webb* (1990), 54 Ohio St.3d 61, 63, 562 N.E.2d 132, 134; *Provident Bank v. Wood* (1973), 36 Ohio St.2d 101, 105-106, 65 O.O.2d 296, 298-299, 304 N.E.2d 378, 381-382; *Wray v. Wymer* (1991), 77 Ohio App.3d 122, 131, 601 N.E.2d 503, 508-509; *Wartman, supra,* 75

Ohio App.3d at 181, 598 N.E.2d at 1300. It is thus apparent that a court is precluded from either inserting words into or deleting them from a statute. *Cline v. Ohio Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 97, 573 N.E.2d 77, 80–81. See *Clark v. Bur. of Workers' Comp.* (1993), 88 Ohio App.3d 153, 623 N.E.2d 640.

"The purpose of administrative rule making is to facilitate an administrative agency's placing into effect a policy declared by the General Assembly in those statutes which are to be administered by an administrative agency." *Columbus & S. Ohio Elec. Co. v. Indus. Comm.* (Dec. 20, 1990), Franklin App. No. 89AP–444, unreported, 1990 WL 210678, citing *State ex rel. Curtis v. DeCorps* (1938), 134 Ohio St. 295, 298, 12 O.O. 96, 97, 16 N.E.2d 459, 461–462, and *Meyers v. State Lottery Comm.* (1986), 34 Ohio App.3d 232, 234, 517 N.E.2d 1029, 1031–1032. Though administrative rules are permitted to facilitate an administrative agency's actions, the agency is not permitted to issue rules which are unreasonable or in clear conflict with statutory enactments which cover the same subject matter. *Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL–CIO v. Cincinnati* (1994), 69 Ohio St.3d 677, 681, 635 N.E.2d 361, 363–364; *Chicago Pacific Corp. v. Limbach* (1992), 65 Ohio St.3d 432, 435, 605 N.E.2d 8, 10–11; *Youngstown Sheet & Tube Co. v. Lindley* (1988), 38 Ohio St.3d 232, 234, 527 N.E.2d 828, 829–830; *Kroger Grocery & Baking Co. v. Glander* (1948), 149 Ohio St. 120, 125, 36 O.O. 471, 473–474, 77 N.E.2d 921, 924. Any conflict, therefore, between a statute and administrative rule must be resolved in favor of the statute since administrative agencies are creatures of statute. See *Columbus & S. Ohio Elec. Co., supra.*

The history of the workers' compensation laws reveals that attorney fees were sporadically recoverable by a successful claimant depending on the legislation in effect at the time. For a time prior to 1953, G.C. 1465–90 governed matters of the sort presented herein. The pertinent part of this section read as follows: "The cost of any legal proceedings, authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge shall be taxed against the unsuccessful party * * *."

Regarding a claimant's recovery of attorney fees under G.C. 1465–90:

"[I]t might be noted that attorney fees in claims against non-complying employers have in the past, and perhaps at present, been payable directly by the employer. Under Section 1465–90, General Code, and former Section 4123.51 [non-complying employer], Revised Code, court costs and attorney fees were 'taxed against the unsuccessful party.' Under those statutes, the commission was not a party to an appeal involving a non-complying employer." *State ex rel. Lilly v. Indus. Comm.* (1961), 115 Ohio App. 159, 164, 20 O.O.2d 262, 265, 184 N.E.2d 501, 504 (Duffey, J., dissenting).

Therefore, at the time G.C. 1465–90 was in effect, a trial court possessed the authority to tax attorney fees against the unsuccessful party upon appeal. Since the commission was not a "party" in the appeals under G.C. 1465–90 and the earlier version of R.C. 4123.51, the trial court could not order the commission to pay the fees. Though R.C. 4123.51 (presently R.C. 4123.75) deals with a noncomplying employer, G.C. 1465–90 and the early versions of R.C. 4123.51 specifically stated that the fees would be taxed against the unsuccessful party.

R.C. 4123.512(F), on the other hand, does not expressly state that the "unsuccessful party" is responsible for the direct payment of attorney fees. However, R.C. 4123.512(B) makes clear that the commission is not a party to an appeal brought by an employer unless the commission makes application to become a party. The same reasoning that was used in the earlier application of the "taxing the unsuccessful party" language remains valid. The commission is not always a party to an R.C. 4123.512 appeal. If the commission is not a party, the trial court would have no authority to order it to pay attorney fees. Therefore, an interpretation of R.C. 4123.512(F) which requires the commission to pay attorney fees, even if it is not a party, is inappropriate.

Additionally, as stated *supra*, this court has no authority to ignore the plain and unambiguous language of R.C. 4123.512(F) under the guise of statutory interpretation. See *Webb* and *Wood, supra.* In accordance with this general rule of construction, we are precluded from inserting words into the statute. See *Cline, supra.* Therefore, we are not inclined to insert a method of payment which requires the commission to pay a claimant's attorney fees regardless of whether it is a party to an appeal filed by an employer, and then seek reimbursement of those fees from the employer, when this method of payment is not included in the statute.

Support for this conclusion is found in R.C. 4123.512(D), which provides in pertinent part:

"Any party may file with the clerk prior to the trial of the action a deposition of any physician taken in accordance with the provisions of the Revised Code * * *. *The bureau of workers' compensation shall pay the cost of the deposition filed in court and of copies of the deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal."* (Emphasis added.)

This section demonstrates the General Assembly's intent with regard to who pays the costs of depositions and how they are paid when depositions are used in an appeal under R.C. 4123.512. The bureau is initially responsible for the costs out of the surplus fund. If the claimant's right to participate or continue to

participate is ultimately established or sustained, the bureau seeks reimbursement of the costs from the unsuccessful party, *i.e.,* the employer when the employer challenged the claimant's right to participate. See *Akers v. Serv-A-Portion, Inc.* (1987), 31 Ohio St.3d 78, 31 OBR 190, 508 N.E.2d 964, and *Clark v. Bur. of Workers' Comp.* (1993), 88 Ohio App.3d 153, 623 N.E.2d 640 (both cases involving R.C. 4123.519[C], the former version of R.C. 4123.512[D] ). R.C. 4123.512(F) does not contain the same or similar payment structure, and we will not second-guess the General Assembly's decision to not include one, especially since it saw fit to include one in R.C. 4123.512(D).

We recognize Ohio Adm.Code 4121–3–18(B)(2) and the heavy reliance placed upon it by D & T. However, we find that given the General Assembly's language in R.C. 4123.512(F) that the employer be taxed attorney fees if it is the employer who appealed to the court of common pleas, the administrative ruling is in clear conflict with the statute insofar as it requires the commission to pay attorney fees and then seek reimbursement of the fees from the employer even when the commission is not a party to the appeal.

In conclusion, R.C. 4123.512(F) is a specific statute which permits a trial court to tax attorney fees against an employer when the employer contests a claimant's right to participate in the fund under R.C. 4123.512(A). It also permits a trial court to tax attorney fees against the commission if the commission or the administrator contested a claimant's right to benefits. We adopt the commission's position that the words "shall be taxed against the employer" mean that the employer is to directly make payment of the attorney fees to the claimant when the employer appeals under R.C. 4123.512(A), and the claimant's right to benefits is confirmed on appeal. See *Powers, supra,* 103 Ohio App.3d at 274, 659 N.E.2d at 341 ("Once the claimant's right to receive those benefits is settled upon appeal, there seems to be no reason why the unsuccessful party cannot be charged directly for the costs").

One of D & T's final arguments is that prior commission practice and a journal entry from the Court of Common Pleas of Cuyahoga County demonstrate the incorrectness of this direct method of payment. The entry provides:

"It is hereby ordered, over the objection of the employer, that defendants shall pay to plaintiff's counsel the sum of two thousand-five hundred dollars ($2500.00) as statutory attorney fees pursuant to R.C. 4123.512(F). Said statutory attorney fees to be paid directly to plaintiff's counsel by the Bureau of Workers' Compensation and Industrial Commission of Ohio in accordance with the usual manner of payment of such fees."

We fail to find that this entry in and of itself conclusively establishes the correctness of D & T's position in this case with regard to prior commission

practice. Additionally, we do not consider one entry from a court of common pleas as binding authority.

In its other final argument, D & T submits *State ex rel. Baker Material Handling Corp. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 631 N.E.2d 138, as demonstratively proving that the employer never directly pays any sums to an employee in workers' compensation cases. Though the Supreme Court of Ohio discussed therein the difference between state-fund employers and self-insured employers, the court never stated or even intimated the broad proposition claimed by D & T, that "[u]nder this system, the state fund employer *never* directly pays an injured employee for costs associated with a work-related injury." (Emphasis *sic.*)

D & T's assignment of error is accordingly overruled.

*Judgment affirmed.*

PORTER and NAHRA, JJ., concur.