OPINION
Plaintiff-appellant, Robert L. McGeehan, appeals from a judgment of the Franklin County Court of Common Pleas which denied his Motion for Taxation of Certain Costs. Plaintiff assigns a single error:
 THE TRIAL COURT ERRED IN DENYING APPELLANT ROBERT McGEEHAN'S APRIL 13, 2000 MOTION FOR TAXATION OF CERTAIN COSTS.
Because the trial court erred in denying plaintiff's motion, we reverse.
The parties, as evidenced by their briefs, generally agree on the factual predicate for this appeal, even though much of it is not reflected in the record due to the nature of the case. On July 2, 1997, plaintiff applied for participation in the workers' compensation system for the following conditions: (1) lumbar strain/sprain, (2) aggravation of pre- existing lumbar degenerative disc disease, and (3) lumbar instability. Plaintiff claimed all three conditions were the result of an injury plaintiff suffered on May 20, 1997, in the course of his employment with defendant-appellee, Penn Traffic Company ("PTC").
On April 14, 1998, the district hearing officer ("DHO") allowed plaintiff's claim for lumbar strain, but denied plaintiff's remaining two claims. Both parties appealed the decision of the DHO: plaintiff sought allowance of the two conditions that were denied, and PTC sought to overturn plaintiff's participation entirely.
On appeal the staff hearing officer ("SHO"), by order entered on June 1, 1998, allowed plaintiff's participation for all three conditions. PTC appealed the decision of the SHO to the Industrial Commission. On June 30, 1998, the Industrial Commission refused PTC's appeal.
On August 5, 1998, pursuant to R.C. 4123.512(A), PTC filed a notice of appeal in the Franklin County Court of Common Pleas, challenging all three of the conditions for which plaintiff was allowed to participate. As required by R.C. 4123.512(D), plaintiff filed a complaint in the common pleas court on September 5, 1998, naming as defendants PTC, James Conrad, Administrator, Bureau of Workers' Compensation, and the Industrial Commission of Ohio. Following discovery, and prior to trial, PTC conceded plaintiff's lumbar strain/sprain condition had been properly allowed. A jury trial on the remaining conditions resulted in a verdict finding plaintiff was not entitled to participate for either aggravation of a pre-existing lumbar degenerative disc disease or lumbar instability. By judgment entry dated May 2, 2000, plaintiff was deemed eligible to participate for lumbar strain/sprain only.
Pursuant to R.C. 4123.512(D), on April 13, 2000, plaintiff filed a Motion for Taxation of Certain Costs. Specifically, plaintiff requested (1) $251.95 from the administrator for the stenographer's attendance and transcript concerning Dr. May's deposition, (2) $64.75 from the administrator for the transcript of Dr. Ralston's deposition, (3) $600 from PTC, pursuant to R.C. 4123.512(F), for Dr. May's deposition fee, and (4) $2,500 from PTC, pursuant to R.C. 4123.512(F), for attorney fees. The trial court denied plaintiff's motion. Although plaintiff's assignment of error facially appears to cover all of the costs denied in the motion, the only issues argued in plaintiff's discussion of the assigned error concern the proper application of R.C. 4123.512(F). We confine our analysis accordingly.
 When an appellate court is called upon to review a trial court's interpretation and application of a statute, the "appellate court conducts a de novo review, without deference to the trial court's determination." State v. Sufronko (1995), 105 Ohio App.3d 504, 506; see, also, Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 62 Ohio St.3d 339; Harding v. Conrad (1997), 121 Ohio App.3d 598, 600.
R.C. 4123.512(F) provides:
 The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars.
Plaintiff's right to attorney fees turns on whether plaintiff's right to participate or to continue to participate was established by a "final determination of an appeal," which is the decision of the court of common pleas. See Hospitality Motor Inns, Inc. v. Gillespie (1981),66 Ohio St.2d 206, syllabus; Cunningham v. Goodyear Tire Rubber Co.
(1995), 104 Ohio App.3d 385, 394-395.
The common pleas court stated in its judgment entry, dated April 2, 2000, that plaintiff "is entitled to participate in the benefits of the Workers' Compensation Act for the condition of Lumbar sprain/strain." Nonetheless, the trial court subsequently denied plaintiff's Motion for Taxation of Certain Costs, citing case law that attorney fees and other costs are only awarded where plaintiff is "successful" on appeal. SeeSanford v. DT Limousine Services, Inc. (1995), 108 Ohio App.3d 520. The trial court determined plaintiff was not "successful" because only two conditions went to the jury, aggravation of pre- existing degenerative disc disease and lumbar instability, and the jury decided for PTC on each.
Initially, R.C. 4123.512(F) does not employ the word "successful." Nevertheless, courts' interpretations of the statute have required claimants to be successful, or the prevailing party, on appeal. SeeRamirez v. Toledo Stamping Manufacturing Company (1996),114 Ohio App.3d 12; Borrelli v. Mayfield (Mar. 30, 1989), Cuyahoga App. No. 55197, unreported. To the extent, however, that courts have so interpreted the statute, they require only that the claimant be successful in either acquiring or maintaining a right to participate in the workers' compensation fund. See, e.g., Borrelli, supra (stating claimant was a successful claimant of the right to participate in the fund for a specified time period). Thus a "successful" claimant is one that is allowed to participate upon final determination by the court of common pleas. As noted above, the trial court's judgment entry unequivocally stated that plaintiff is entitled to participate. Consequently, plaintiff is entitled to fees under R.C. 4123.512(F).
PTC nonetheless contends plaintiff's lumbar sprain/strain was not an issue before the trial court. PTC points to plaintiff's complaint to demonstrate plaintiff did not seek relief for lumbar sprain/strain, and plaintiff's brief concedes the deficiency in his complaint. Defendants also point to the judgment of the trial court denying plaintiff's Motion for Taxation of Certain Costs in which the court stated that "only two issues were presented to the jury for consideration; whether the plaintiff was entitled to participate in the workers' compensation fund for aggravation of lumbar degenerative disc disease and * * * lumbar instability." Plaintiff responds by noting the lumbar sprain/strain claim did not go to the jury because PTC conceded plaintiff's right to participate for that condition. Plaintiff asserts, however, the issue necessarily was before the trial court because PTC conceded the issue after filing its notice of appeal, but before trial.
In the final analysis, the lumbar sprain/strain condition was properly before the trial court. Although plaintiff's complaint did not specifically mention participation based on lumbar sprain/strain, the complaint did pray that the trial court uphold the Industrial Commission order. By refusing PTC's appeal, the Industrial Commission upheld the decision of the SHO, who found all three of plaintiff's conditions entitled him to participate. In appealing to the common pleas court, PTC appealed from the entire decision of the Industrial Commission, and ultimately the SHO, therefore appealed all three conditions. Moreover, PTC's answer to plaintiff's complaint states plaintiff is "not entitled to participate in the benefits provided by the Workers' Compensation Act for any injuries allegedly sustained on May 20, 1997 * * *." Finally, as noted, the trial court's judgment entry stated plaintiff was entitled to participate for lumbar strain/sprain. Were the issue not before the court, the trial court would have had no reason to address it.
Given the foregoing, the trial court erred in refusing to make an award to plaintiff pursuant to R.C. 4123.512(F). Because the statute allows the trial court to award costs "based upon the effort expended," we remand this matter to the trial court to ascertain the "effort expended" and to make an award under R.C. 4123.512(F). Plaintiff's single assignment of error is sustained, the judgment of the trial court is reversed, and this matter is remanded for further proceedings consistent with this opinion.
BROWN and KENNEDY, JJ., concur.