ALFORD, APPELLEE, *v.* REPUBLIC STEEL CORP. ET AL., APPELLANTS; CONNOR, ADMR., ET AL., APPELLEES.

(No. 46375—Decided October 6, 1983.)

*Mr. Howard Maniker,* for appellee Alford.

*Baughman & Associates Co., L.P.A.,* and *Ms. Jo Anne Wasil,* for appellant Republic Steel Corp.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Timothy Delaney,* for appellees Connor, Admr., et al.

NAHRA, J. Plaintiff-appellee, Mary Alford, injured her back while working as a "coke shoveler" for defendant-appellant, Republic Steel Corporation. Plaintiff

filed for workers' compensation benefits. Her claim was not allowed by a district hearing officer, the Regional Board of Review or the Industrial Commission. She filed an appeal with the court of common pleas, where a jury returned a verdict finding plaintiff entitled to participate in the Workers' Compensation Fund. The court of common pleas also awarded attorney fees of $1500 to plaintiff.

Republic Steel appeals the award of attorney fees only, assigning five errors. We will consider the third assignment first:

"C. The trial court erred in awarding attorney's fees to plaintiff-appellee since there is no statutory authority contained within Ohio Revised Code Section 4123.519 or any other section of the Revised Code applicable to the instant case for an award of attorney's fees."

At the heart of this appeal is R.C. 4123.519, which reads in pertinent part:

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the industrial commission if the industrial commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. Such attorney's fee shall not exceed twenty per cent of an award up to three thousand dollars and ten per cent of all amounts in excess thereof, but in no event shall such fee exceed fifteen hundred dollars."

Appellant contends that the proper reading of this statute permits attorney fees only when the Industrial Commission or the administrator contests the claimant's right to benefits. Appellant interprets the statute to say costs shall be taxed *if and only if* it is the Industrial Commission or the administrator who contests the claim, and no costs will be taxed to the employer if the employer contests the claimant's right to benefits.

We find this to be a strained interpretation of the statute. As we interpret the language, the statute means that where the claimant is victorious, costs shall be taxed against the employer if the employer contested the claimant's right to benefits, but costs will be taxed against the Industrial Commission if the Industrial Commission or administrator contested the claimant's right to benefits. Accord 58 Ohio Jurisprudence 2d (1963) 428, Section 223. Thus, we find statutory authority in R.C. 4123.519 for the granting of attorney fees under the facts of this case. See, also, *Anderson* v. *General Motors Corp.* (1962), 116 Ohio App. 92 [21 O.O.2d 319].

"A. The trial court erred in considering and awarding attorney's fees to plaintiff-appellee inasmuch as plaintiff-appellee did not plead in her petition-complaint or otherwise specifically demand attorney fees."

Some federal cases have held that attorney fees are items of special damages which must be specifically pleaded under Fed. R. Civ. P. 9(g). See *Maidmore Realty Co.* v. *Maidmore Realty Co.* (C.A. 3, 1973), 474 F. 2d 840; *Western Cas. and Sur. Co.* v. *Southwestern Bell Tel. Co.* (C.A. 8, 1968), 396 F. 2d 351. However, the language of R.C. 4123.519 obviates any need to plead special damages, since attorney fees for the successful claimant are mandatory. The relevant section reads:

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, *shall be taxed* against the employer * * *." (Emphasis added.)

This specific provision of the statute governs over any general rule of civil procedure. Since the statute states that the

costs, including attorney fees where relevant, shall be taxed, we find there is no need to demand or specifically plead attorney fees as damages. The court acted within its authority in granting attorney fees though none were demanded or pleaded.

"B. The trial court erred in awarding attorney's fees to plaintiff-appellee without affording defendant-appellant the opportunity to be heard, and to defend, enforce and protect its rights, as guaranteed by the Due Process Clauses of the United States and Ohio Constitutions."

"E. Assuming *arguendo* that Ohio Revised Code Section 4123.519 authorizes a trial court to award attorney's fees to legal counsel representing a workers' compensation claimant when the claimant is successful at the trial court level upon the issue of the right to participate in the Workers' Compensation Fund, the trial court erred in applying the aforesaid statute to the instant case, inasmuch as it violates the Due Process Clauses of the United States and Ohio Constitutions."

These assignments of error, both dealing with due process issues, will be considered together.

Appellant contends it had no notice that attorney fees were at issue in this case, since, under appellant's erroneous interpretation of the statute, appellant believed the court had no authority to grant attorney fees unless the Industrial Commission or administrator contested the claimant's claim. Also, no hearing on attorney fees was held. Therefore, appellant insists the absence of notice and a hearing on the issue of attorney fees violated its due process rights.

At a minimum, due process of law requires notice and opportunity for a hearing. *Mathews* v. *Eldridge* (1976), 424 U.S. 319; *Goss* v. *Lopez* (1975), 419 U.S. 565.

The appellant did have notice on the issue of attorney fees since the statute, read correctly, mandates that attorney fees be taxed against the employer when the employer contests the claimant's right to benefits and the claimant prevails. Appellant cannot bootstrap its incorrect reading of the statute into a reversible error based on lack of notice. As the statute is worded, appellant should have been on notice that attorney fees would be awarded if claimant was found to be entitled to benefits.

There does not appear to have been any hearing on the issue of attorney fees. However, since the award of attorney fees is mandatory, and the amount thereof is to be determined once the award is made administratively to the claimant, a hearing by the court would be premature. Such an award must be within the limits set forth in the statute,[1] and any contest with respect to the amount should be heard at the administrative level when the amount of compensation to the claimant is determined.

Appellant also offers a substantive due process argument. While substantive due process remains a valid concept in the area of privacy, see *Roe* v. *Wade* (1973), 410 U.S. 113, it now has limited application to state regulation of business and commercial affairs. See, *e.g.*, *North Dakota St. Bd. of Pharmacy* v. *Snyder's Drug Stores, Inc.* (1973), 414 U.S. 156; *Ferguson* v. *Skrupa* (1963), 372 U.S. 726, 730; *Williamson* v. *Lee Optical of Okla., Inc.* (1955), 348 U.S. 483, 488-489.

"D. Assuming *arguendo* that Ohio Revised Code Section 4123.519 authorizes a trial court to award attorney's fees to legal counsel representing a worker's compensation claimant when the claimant is successful at the trial court level upon the issue of the right to participate in the Workers' Compensation Fund, the trial

---

[1] The statute states, in relevant part:

"Such attorney's fee shall not exceed twenty per cent of an award up to three thousand dollars and ten per cent of all amounts in excess thereof, but in no event shall such fee exceed fifteen hundred dollars."

court erred in applying the aforesaid statute to the instant case, inasmuch as it violates the Equal Protection Clauses of the United States and Ohio Constitutions."

Appellant insists that equal protection is violated since a successful employer does not get legal fees while a successful claimant does get legal fees awarded to him. Appellant objects to the disparate treatment accorded the two parties. We find no merit in appellant's argument.

In *New Orleans* v. *Dukes* (1976), 427 U.S. 297, 303-304, the court addressed equal protection and regulation of economic matters:

"When local economic regulation is challenged solely as violating the Equal Protection Clause, this Court consistently defers to legislative determinations as to the desirability of particular statutory discriminations. * * * Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest. States are accorded wide latitude in the regulation of their local economies under their police powers, and rational distinctions may be made with substantially less than mathematical exactitude. * * * In short, the judiciary may not sit as a super-legislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines * * *; in the local economic sphere, it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment. * * *" (Citations omitted.)

We do not find a statute which requires employers to be taxed for attorney fees to trammel fundamental personal rights or to be based on inherently suspect distinctions such as race, religion, or alienage. Thus, the classification need only be rationally related to a legitimate state interest.

The state has a legitimate interest in seeing employees compensated for work-related injuries. Taxing costs against employers who contest claims ultimately determined to be valid is a procedure rationally related to the state's interest in seeing those injured employees compensated. Such a regulation does not violate equal protection.

The decision is modified and, as modified, affirmed. Attorney fees shall be computed on the award made according to the requirements of R.C. 4123.519, but not to exceed $1,500.

Judgment modified, and as modified, affirmed.

*Judgment modified, and as modified, affirmed.*

PATTON, C.J., and MARKUS, J., concur.