OPINION
{¶ 1} Plaintiffs-appellants Lee and Cynthia Huntsman and appellant Attorney William Love, II [hereinafter appellants] appeal the November 5, 2001, Judgment Entries and November 8, 2001, Nunc Pro Tunc Judgment Entries of the Stark County Court of Common Pleas. The Judgment Entries granted sanctions, attorney fees and costs against appellants in favor of defendants-appellees Brian Lowery, Mary Mercer, Ralph Mercer, Jr., Tim Stillion, Ruth Braid and Jeanne Mercer [hereinafter defendants].
 STATEMENT OF THE FACTS AND CASE
{¶ 2} Plaintiffs-appellants Lee and Cynthia Huntsman [hereinafter plaintiffs] filed a Complaint against defendants Brian Lowery, Marion Lowery, Mary Mercer and Ralph Mercer, Jr. on April 13, 1998. The case was designated as 1998CV00703. The Complaint alleged that plaintiffs had acquired by adverse possession certain lots of land titled in the Lowery's and Mercer's names. On August 12, 1998, that case was consolidated with Case No. 1998CVO1018. In this Complaint, appellants alleged trespass, threats, negligence, willful, wanton and malicious conduct and property damage and destruction. Plaintiffs sought money damages, injunctive relief, punitive damages, attorney fees, interest and costs. The defendants in that case were Ralph Mercer, Sr., Jean [sic] Mercer, Ruth Braid, Tim Doe, Lee Laubacher and David Young.
{¶ 3} The matter was tried to a jury. The jury returned verdicts on May 19, 1999. Among other findings, the jury found that plaintiffs had not acquired the lots by adverse possession. On June 4, 1999, the defendants Ralph Mercer, Jr., Mary Mercer, Tim "Doe" (later identified as Tim Stillion), Ruth Braid, Jeanne Mercer and Brian Lowery [hereinafter appellees] filed a Motion for Assessment of Costs and Attorney Fees for Frivolous Conduct and Violation of Oho Civil Rule 11. In the motion, the appellees alleged frivolous conduct and discovery process violations. A hearing was held on the motion on July 9, 1999. Attorney William Love, II represented Lee and Cynthia Huntsman at that hearing. However, by Judgment Entry filed July 16, 1999, the trial court ordered a re-hearing on the motion.
{¶ 4} Subsequently, however, and prior to the re-hearing date, plaintiffs filed a Notice of Appeal. Upon plaintiffs' motion, the trial court granted a stay of the proceedings pending appeal. The Court of Appeals confirmed the trial court's decision. An appeal was made to the Ohio Supreme Court. However, the Supreme Court of Ohio declined jurisdiction.
{¶ 5} On June 22, 2001, the appellees, with the exception of Brian Lowery, filed a Supplemental Motion for Assessment of Costs and Attorney Fees for Frivolous Conduct in Violation of Civil Rule 11. A hearing on the motions for sanctions, attorney fees and costs was held September 28, 2001. On November 5, 2001, and as a result of the September 28, 2001, hearing, the trial court ordered plaintiffs and trial counsel, Attorney William Love, II, to pay various attorney fees, costs and sanctions. On November 8, 2001, the trial court issued Nunc Pro Tunc Orders.
{¶ 6} It is from the November 5, 2001, Judgment Entries and the subsequent November 8, 2001, Nunc Pro Tunc Judgment Entries that appellants appeal, raising the following assignments of error:
 {¶ 7} I. "THE TRIAL COURT ERRED BY DENYING THE APPELLANTS DUE PROCESS BY FAILING TO ALLOW THEM TO CROSS-EXAMINE THE WITNESSES AT THE FIRST HEARING AND FAILING TO NOTIFY THEM REGARDING THE SUBSEQUENT HEARING WHICH THEY DID NOT ATTEND AND EXAMINE ANY EVIDENCE."
 {¶ 8} II. "THE TRIAL COURT ERRED BY GRANTING ATTORNEY FEES TO APPELLEES WITH NO SHOWING THAT ADDITIONAL EXPENSES WERE INCURRED BY APPELLEES AS A RESULT OF DEFENDING FRIVOLOUS ACTION."
 {¶ 9} III. "THE TRIAL COURT ERRED BY GRANTING SANCTIONS, ATTORNEY FEES, AND COSTS WHEN THE TRIAL COURT ALLOWED THESE CLAIMS TO PROCEED TO TRIAL, AMPLE EVIDENCE WAS PRESENTED BY SEVEN WITNESSES AND THE MATTERS WERE NOT DISMISSED PRIOR TO TRIAL."
 {¶ 10} IV. "THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING PAYMENT OF SANCTIONS, ATTORNEY FEES AND COSTS RATHER THAN GRANTING APPELLEES A JUDGMENT FOR THE SAME, THEREBY ERRING."
 {¶ 11} V. "THE TRIAL COURT ERRED BY ORDERING PAYMENT TO APPELLEES OF SANCTIONS, ATTORNEY FEES AND COSTS IN A CIVIL ACTION WHEN IT DID NOT ALLOW CROSS-EXAMINATION OF WITNESSES, DID NOT NOTIFY THE APPELLANTS' COUNSEL OF THE RESCHEDULED HEARING ON 9-28-01 AND ORDERING PAYMENT RATHER THAN GRANTING A JUDGMENT.
{¶ 12} Additional facts and procedural issues will be discussed as needed in addressing appellant's assignments of error.
 I-IV
{¶ 13} Although appellants present four assignments of error, appellants present only one consolidated argument in regard to the four assignments of error. Therefore, this court shall not address each assignment of error independently, but will address the assignments of error together, as did the appellants.
{¶ 14} An analysis of appellants' issues begins with determining whether the trial court failed to provide notice to Attorney Love and the plaintiffs of the re-hearing on sanctions and attorney fees. Appellants, Attorney Love and plaintiffs, Lee and Cynthia Huntsman, contend that their due process rights were violated by this lack of notice. We agree.
{¶ 15} In order to consider this issue, a review of the procedural aspects of this case is necessary. On June 4, 1999, defendants-appellees Ralph Mercer, Jr., Mary Mercer, Tim Stillion, Ruth Braid, Jeanne Mercer and Brian Lowery filed a Motion for Assessment of Costs and Attorney Fees for Frivolous Conduct and Violation of Ohio Civil Rule 11. The appellees sought $4,768.00 in costs, $12,310.00 in attorney fees for frivolous conduct and $1,000.00 in sanctions for discovery process violations.
{¶ 16} A hearing on the Motion was held on July 9, 1999. Attorney Love, who had represented plaintiffs since the initiation of the case, represented plaintiffs at that hearing. However, the trial court ordered a "re-hearing." July 16, 1999, Judgment Entry. The re-hearing was ordered in part because Attorney Love had not been allowed to fully present his defense regarding the issues raised in the appellees' motion. The re-hearing was scheduled for October 8, 1999.
{¶ 17} On August 16, 1999, Attorney Edward Smith filed a Notice of Appeal and a Motion to Stay Final Entry for plaintiffs. This is the first indication that Attorney Smith was involved in the matter. The trial court granted the Motion to Stay and subsequently canceled the October 8, 1999 re-hearing on the appellees' Motion for costs, attorney fees and sanctions due to the appeal and the stay.
{¶ 18} After this court affirmed the Judgment of the trial court and the Ohio Supreme Court declined jurisdiction upon appeal, the trial court held a hearing on January 8, 2001. As a result of that hearing, plaintiffs were ordered to remove everything from the lots belonging to defendants (presumably Mary and Ralph Mercer and/or Brian and Marion Lowery)[1], reclaim and restore the real estate of defendants and to give free access to defendants so that a survey of the land may be conducted. February 22, 2001, Judgment Entry. The trial court served the February 22, 2001, Judgment Entry, on Attorney Love. However, the Order was returned undelivered by the postal service marked "Unable to Forward."
{¶ 19} On May 22, 2001, an Order, setting a pre-trial hearing for June 25, 2001, was apparently sent to Attorney Love and Attorney Smith, for the plaintiffs.[2] The Notice sent to Attorney Love was returned undelivered, marked "Attempted not known."
{¶ 20} On June 22, 2001, the above named appellees, minus Brian Lowery, filed a Supplemental Motion for Assessment of Costs and Attorney Fees for Frivolous Conduct in Violation of Civil Rule 11. In the Supplemental Motion, the appellees requested payment of other costs, including lost wages and surveying fees. Documentation was attached in regards to these new costs. Appellees' counsel served this motion on Attorney Edward Smith.
{¶ 21} On July 2, 2001, an Assignment Notice was sent to Attorney Smith informing him that a pre-trial hearing was set for August 8, 2001. According to the notice's "copies to:" line, this notice was sent to Attorney Smith but not Attorney Love. A Judgment Entry filed August 27, 2001, documents that the trial court conducted the hearing on August 8, 2001. The resulting Judgment Entry ordered "the fence" be removed and reinstalled properly by September 22, 2001. According to the notice's "cc: line", this notice was sent to Attorney Smith but not Attorney Love.
{¶ 22} The trial court held a hearing on September 28, 2001. The record shows no indication that notice was sent to any party regarding the September 28, 2001, hearing.
{¶ 23} On October 10, 2001, the trial court issued a Judgment Entry. In that Judgment Entry, the trial court found that "[o]n September 28, 2001, the parties represented that they had complied with the Court Order of August 27, 2001, which then concluded all matters pertaining to the Jury Verdict and Judgment Entry of May 14, 1999 and July 16, 1999, respectively. The only matters still unresolved relate to the Motions for Sanctions and for Frivolous Conduct. Said rulings shall be by separate entry." Once again, according to the "cc:" line, the Judgment Entry was served upon Attorney Smith but not Attorney Love. There is no indication in the record that this Entry was sent to Attorney Love.
{¶ 24} Subsequently, on November 5, 2001, the trial court issued Judgment Entries in which the trial court addressed the motions for sanctions and frivolous conduct and the September 28, 2001, hearing. The trial court made the following finding:
 {¶ 25} On September 28, 2001, the Court held a third hearing in regard to the frivolous conduct and attorney fees motion. All parties and their counsel were served.
 {¶ 26} On September 28, Mr. Miller appeared with his clients. Mr. Lee Huntsman appeared, but was not represented by an attorney of record. Cynthia Huntsman did not appear. Prior to the hearing, Mr. Smith advised the court that he was not involved in the frivolous conduct aspect of this case, and that he would not appear. The Court did not hear from Attorney Love.
 {¶ 27} A hearing was held wherein each side was permitted to present any evidence or argument on the issues still pending regarding the Frivolous Conduct Motion and the request for attorney fees. This hearing was set pursuant to R.C. [sec.] 2323.51.[3]
 Findings
 {¶ 28} The Court held the required hearings under R.C. [sec.]2323.51, all parties were notified of said hearings, and the parties were allowed to present evidence regarding the issue on frivolous conduct.
{¶ 29} The trial court went on to find multiple instances of frivolous conduct and imposed sanctions of $1,000.00 against Attorney Love; ordered Lee and Cynthia Huntsman and Attorney Love to pay attorney fees of $3,000.00; sanctioned Lee and Cynthia Huntsman $1,000.00; assessed $1,600.00 as and for surveying costs against Lee and Cynthia Huntsman and Attorney Love; ordered Attorney Love to pay attorney fees of $4,000.00 and ordered that the plaintiffs pay all court costs normally associated with the prosecution of a civil action.
{¶ 30} In a separate Judgment Entry filed November 5, 2001, the trial court issued a ruling on the appellees' Motion for Sanctions for discovery process violations. The trial court ordered Lee and Cynthia Huntsman and Attorney Love to pay $450.00 as and for attorney fees expended by the appellants to enforce the rules of discovery. Further, the trial court ordered Lee and Cynthia Huntsman to pay $400.00 as costs.[4]
{¶ 31} Appellants assert that their due process rights were violated by lack of notice of the hearing. Generally, due process requires that "a deprivation of life, liberty, or property `be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" Cleveland Bd. of Educ. v. Loudermill (1985), 470 U.S. 532, 542,105 S.Ct. 1487, 84 L.Ed.2d 494) (citing Mullane v. Central Hanover Bank Trust Co. (1950), 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865; In reAdoption of Greer (1994), 70 Ohio St.3d 293, 301, 638 N.E.2d 999). At a minimum, due process of law requires notice and opportunity for a hearing, that is, an opportunity to be heard. Mathews v. Eldridge
(1976), 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18; Goss v. Lopez
(1975), 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725; Alford v. RepublicSteel Corp.(1983), 12 Ohio App.3d 145, 147, 467 N.E.2d 567, MarionOB/GYN, Inc v. State Medical Board (2000), 137 Ohio App.3d 522, 534,739 N.E.2d 15.
{¶ 32} In the Judgment Entry filed November 5, 2001, regarding the September 28, 2001, hearing, the trial court wrote that "[a]ll parties and their counsel were served." However, the docket does not reflect that any notice of the September 28, 2001, hearing was served on any party. Therefore, the record does not support the trial court's finding.
{¶ 33} There is some indication in the September 28, 2001, hearing transcript of proceedings that Attorney Smith was aware of the date of the hearing.[5] However, we find that notice to Attorney Smith would not be sufficient to put appellants on notice. It was Attorney Love that remained the named Attorney of Record in the case. There is no indication from the record that Attorney Smith and Attorney Love were working as co-counsel. Further, it was Attorney Love who was the sole attorney for plaintiffs at the time the actions for which sanctions and attorney fees were sought. It was Attorney Love that defended the plaintiffs at the initial hearing. It was Attorney Love who, along with plaintiffs, was accused of frivolous conduct. Further, Attorney Smith could have presumed that written notice of any hearing on the motions for sanctions and attorney fees would be served on Attorney Love. See R.C. 2323.51, supra. Under these circumstances, we cannot say that unwritten notice to Attorney Smith constituted notice to Attorney Love and plaintiffs. We find that Attorney Love and plaintiffs were denied due process rights to notice and opportunity to be heard when Attorney Love did not receive notice of the hearing.
{¶ 34} We note that Attorney Smith and Attorney Love have complicated this issue considerably. Attorney Smith began to file motions and represent himself as "Attorney for Plaintiffs." However, Attorney Smith never filed a Notice of Appearance. Further, while it appears that Attorney Love and Attorney Smith both represented the plaintiffs but in different capacities and for different issues, the attorneys did not apprise the trial court of their roles. Attorney Love moved his office and failed to provide a forwarding address to the postal service or the new address with the trial court. However, we find this would not excuse the trial court from at least attempting to serve notice on Attorney Love.
{¶ 35} In conclusion, we find that we must reverse the trial court's Judgment Entries awarding attorney fees, sanctions and costs. The matter is remanded with instructions to the trial court to provide notice to all parties, including Attorney Love. Only after such notice is provided, may the trial court conduct the re-hearing it ordered in the July 16, 1999, Judgment Entry.
{¶ 36} Appellants' first assignment of error is granted. Appellants' second, third, fourth and fifth assignments of error are thereby rendered moot.
{¶ 37} The Judgment of the Stark County Court of Common Pleas is hereby reversed and the matter is remanded to the trial court for further proceedings consistent with this decision.
By EDWARDS, J. FARMER, P.J. and WISE, J. concur
 JUDGMENT ENTRY
{¶ 38} For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and remanded back to the trial court for further proceedings consistent with this opinion. Costs to appellees.
[1] Upon the rendering of the jury verdict, the trial court ordered plaintiffs to vacate lots which were found to belong to Mary and Ralph Mercer and Brian and Marion Lowery and return the lots, as much as practical, to their natural condition. July 16, 1999, Judgment Entry. While the February 22, 2001, Judgment Entry does not specify to which defendants or lots are referred to, we presume they belong to the Mercers and/or Lowerys, pursuant to the trial court's previous order to vacate the Mercers' and Lowerys' lots.
[2] The Order's "cc:" line indicates the Order was to be sent to William Love, II, Edward Smith and Donald Miller.
[3] Revised Code 2323.51 sets forth the process a court is to follow in order to award court costs, attorney fees and expenses to a party affected by frivolous conduct. R.C. 2323.51 requires that, prior to making an award of attorney fees, court costs or other reasonable expenses for frivolous conduct in a civil case, the trial court do three things, one of which is to give notice of the date of the hearing to each party who allegedly engaged in frivolous conduct or who was allegedly adversely affected by it, (R.C. 2323.51(B)(2)(b)). Riley v. Langer (Ohio App. 1 Dist. 1994), 95 Ohio App.3d 151, 158, 642 N.E.2d 1, overruled on other grounds, Hamilton App. No. C-0105072, 2002-Ohio-2308, 2002 WL 948536. However, appellants do not raise an issue regarding R.C. 2323.51. Therefore, this issue will not be addressed.
[4] On November 8, 2001, the trial court issued a Nunc Pro Tunc Judgment Entry, correcting the prior Judgment Entry concerning plaintiffs failure to timely answer interrogatories. In the Judgment Entry, the trial court reiterated its order for the Huntsmans and Attorney Love to pay $450.00 as and for attorney fees and the Huntsmans to pay $400.00 as costs. The trial court further ordered that Lee and Cynthia Huntsman pay an additional $600.00 as and for attorney fees expended by the appellees in enforcing the discovery rules. The trial court then ordered that all assessments, attorney fees, surveying fees and court costs be paid to the Stark County Clerk of Courts. In addition, the trial court issued a Nunc Pro Tunc Judgment Entry concerning the Motion for Frivolous Conduct. In the Nunc Pro Tunc Entry, the trial court added to the original Judgment Entry that all assessments, attorney fees, surveying fees and court costs were to be paid to the Stark County Clerk of Courts.
[5] At the September 28, 2001, hearing, the trial court stated that Attorney Smith had known of the hearing and had consented to the date. Further, the trial court stated that Attorney Smith had phoned the trial court the morning of the hearing to tell the Court that he (Attorney Smith) would not be there that morning. Transcript of Proceedings, pgs. 4-5.